812 F.2d 211
 Ann RICHARDS, Treasurer of the State of Texas,
Plaintiff-Cross Defendant-Appellee,
v.
FEDERATED DEPARTMENT STORES, INC., Defendant,
Sanger-Harris, A Division of Federated Department Stores,
Inc., Defendant-Cross Plaintiff-Appellant.
 No. 86-1797
 
 Summary Calendar.
 United States Court of Appeals,
Fifth Circuit.
 March 11, 1987.
 Charles J. Sullivan, Sullivan, King & Sabom, Houston, Tex., for defendant-cross plaintiff-appellant.
 Jerry L. Benedict and J. Patrick Wiseman, Asst. Attys. Gen., and Jim Mattox, Atty. Gen., Austin, Tex., for plaintiff-cross defendant-appellee.
 Appeals from the United States District Court for the Western District of Texas.
 Before GEE, RUBIN, and JOLLY, Circuit Judges.
 PER CURIAM:
 
 
 1
 This appeal seeks review by us of an order of the trial court remanding this case to state court on the ground that it was removed "improvidently and without jurisdiction," essentially on the ground that appellant did not receive notice of the motion to remand and had no opportunity to oppose it. Assuming that this is true (as it appears to be), it remains that such orders as that of the trial court--orders which recite the magic words that we quote above--are "not subject to challenge in the court of appeals by appeal, by mandamus, or otherwise." Thermtron Products, Inc. v. Hermansdorfer, 423 U.S. 336, 343, 96 S.Ct. 584, 589, 46 L.Ed.2d (1976).[1]
 
 
 2
 The Thermtron court does not say that we cannot review orders purporting to remand on this basis on certain grounds, or for certain faults; for constitutional infirmities, but not for statutory ones: it says that we cannot review them at all. There it ends.
 
 
 3
 AFFIRMED.
 
 
 
 [1]
 The Court's opinion, at the page cited, makes plain that the words are indeed magic ones: the order is proof against review even if it merely "purports" to remand on the ground quoted