**James L. THOMPSON et al.**

v.

**Liborio RADOSTA, et al.**

**Civ. A. No. 94–2719.**

United States District Court,
E.D. Louisiana.

Dec. 7, 1995.

Evan Eliot Tolchinsky, New Orleans, LA, for James Thompson and Aaron Washington.

James Thompson, New Orleans, LA, pro se.

David Ira Bordelon, Matthew J. Ungarino, Ungarino & Eckert, Metairie, LA, for Colonial Penn Insurance Company.

### ORDER AND REASONS

JONES, District Judge.

Pending before the Court is Defendant Colonial Penn Insurance Company's "Motion for Reconsideration or Alternatively, for Relief of Judgment, or New Trial Pursuant to Federal Rules of Civil Procedure 52, 59 and 60." The motion was taken under submission on a previous date without oral argument. Having reviewed the memoranda of the parties, the record and the applicable law, the Court DENIES the motion.

#### Background

As set forth in the Court's earlier "Order and Reasons" on plaintiffs' motion to remand, plaintiffs James Thompson and Aaron Washington originally filed this lawsuit in state court naming as defendants Radosta Libedria and Colonial Penn Insurance Company. (Attachment to R.Doc. 1.) The lawsuit alleged that Washington was a passenger in a vehicle driven by Thompson when a vehicle driven by Libedria struck the Thompson vehicle. Colonial Penn Insurance Company

(hereinafter "Colonial Penn") was named as a defendant as the insurer of the Libedria vehicle and as being liable *in solido* under Louisiana law with Libedria.

However, at the time of the filing of the state-court petition, the individual defendant, Liborio Radosta, whose name was apparently transposed and misspelled, was deceased. After being served, Colonial Penn removed this matter on the basis of diversity jurisdiction. (R.Doc. 1.)

In ruling on the motion to remand, the Court found that because Radosta was deceased at the time of the filing of the state-court petition, plaintiff would not have been able to maintain a cause of action against him.[1] Further, because his succession representative had not been named as a defendant, there was no cause of action against the succession.[2]

The Court also concluded that because there was no cause of action against Radosta, the lawsuit against the only remaining defendant—Colonial Penn—had been filed pursuant to the Louisiana Direct Action Statute, LSA–R.S. 22:655.B(1)(f) and, hence, Colonial Penn took on the citizenship of its insured under 28 U.S.C. § 1332 for purposes of determining whether diversity jurisdiction existed.[3] Because Colonial Penn became cloaked with the Louisiana citizenship of its insured, the Court held that no diversity jurisdiction existed between the Louisiana plaintiffs and Colonial Penn and that remand was proper for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).[4]

In support of the instant motion, Colonial Penn submits that it has additional evidence

which indicates that plaintiffs did not properly plead under the Louisiana Direct Action Statute. Colonial Penn also contends that the Direct Action Statute is inapplicable in determining jurisdiction of this matter.

In opposition, plaintiff Washington disputes that the Louisiana Direct Action Statute was not followed given the circumstances under which Radosta was named as a defendant, *i.e.*, Colonial Penn's failure to inform plaintiff that Radosta was deceased. Additionally, plaintiff contends that the Louisiana Direct Action Statute provides for the naming of both the insured and the insurer and that diversity jurisdiction still does not exist.

### Law and Application

■ Before reaching the substance of the instant motion, the Court must determine if it has jurisdiction to consider the motion.

■ As noted, the Court's ruling was based on a lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c). For this reason the Court lacks jurisdiction to determine the present motion. The Court can only reconsider discretionary remand orders, not orders based upon lack of subject matter jurisdiction. *Thomas v. LTV Corp.*, 39 F.3d 611, 615–16 (5th Cir.1994); *In re Shell Oil Company*, 932 F.2d 1523, 1528 (5th Cir.1991).

Even a federal court, persuaded that it has issued an erroneous remand order, cannot vacate the order once entered. The federal court is completely divested of jurisdiction once it mails a certified copy of the order to the clerk of the state court.

*Browning v. Navarro*, 743 F.2d 1069, 1078 (5th Cir.1984).[5]

---

1. "Order and Reasons," p. 4. (R.Doc. 62.)

2. *Id.*

3. *Id.* at pp. 4–5.

4. *Id.* at p. 5.

5. The Court does not imply that its prior ruling was erroneous in any regard. Analysis of Colonial Penn's motion reveals that its foundation is infirm. Colonial Penn argues that plaintiff violated the Louisiana Direct Action Statute by naming both the deceased insured and Colonial Penn as defendants but acknowledges that plaintiff had no cause of action against the deceased

insured. (Colonial Penn's memorandum in support, unnumbered p. 2, R.Doc. 64.) Because plaintiff had no cause of action against the deceased, the Court found that plaintiff complied with the Louisiana Direct Action Statute, which allows plaintiff to sue an insurer only when the insured is deceased. LSA–R.S. 22:655B.(1)(f). This finding is correct despite the inclusion of the deceased insured as a defendant, which the Court recognized as a situation analogous to fraudulent joinder after being urged as such by Colonial Penn as a basis for removal and as an argument in opposition to remand. *See* "Order and Reasons," pp. 3–4 (R.Doc. 62); Colonial Penn's "Notice of Removal" (R.Doc. 1); and Colonial Penn's memorandum in opposition to motion to remand, p. 2. (R.Doc. 56.) Indeed, in

The record indicates that on August 11, 1995, the Clerk of Court sent a certified copy of the Court's remand order to the Clerk of Civil District Court, Parish of Orleans, State of Louisiana.[6] Hence, this Court is "completely divested of jurisdiction" and is legally unable to consider Colonial Penn's motion.

Accordingly,

IT IS ORDERED that Colonial Penn Insurance Company's "Motion for Reconsideration or Alternatively, for Relief of Judgment, or New Trial Pursuant to Federal Rules of Civil Procedure 52, 59 and 60" is DENIED.

a supplemental memorandum in opposition to the motion to remand, Colonial Penn stated: "The only proper defendant at the time this matter was removed was Colonial Penn Insurance Company...." (R.Doc. 61, unnumbered p. 1.)

Additionally, the fact that plaintiff later sued the estate of the defendant while suit was pending in this court is of no moment because, as noted previously by the Court, the propriety of removal is determined at the time of removal. "Order and Reasons," p. 4, n. 4, *citing Nolan v. Boeing Co.*, 919 F.2d 1058, 1063, n. 5 (5th Cir. 1990). (R.Doc. 62.)

6. Attachment to R.Doc. 62.