Revised November 29, 2000

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 99-31341
_____

PATRICIA HEATON,

Plaintiff-Appellee,

VERSUS

MONOGRAM CREDIT CARD BANK OF GEORGIA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
_____

November 2, 2000

Before DUHÉ, EMILIO M. GARZA and DeMOSS, Circuit Judges.

DUHÉ, Circuit Judge:

Monogram Credit Card Bank of Georgia ("Monogram") appeals the district court's order remanding this case to state court pursuant to 28 U.S.C. § 1447(c). Because Congress has specifically excluded this type of remand order from appellate review, we conclude that we lack jurisdiction and therefore DISMISS Monogram's appeal.

BACKGROUND

We summarize only the facts relevant to the issues in dispute in this appeal. Monogram, a Georgia credit card bank, issued a credit card to Patricia Heaton ("Heaton") to finance purchases from a retail store called Campo Appliances. Heaton brought a class action lawsuit in state court, alleging that Monogram charged late fees on the card in excess of the limit provided under the Louisiana Consumer Credit Law ("LCCL"), La. R.S. 9:3527. Heaton also alleged breach of contract.

Monogram removed the suit. It argued that there was a basis for federal subject matter jurisdiction because Heaton's claims were completely preempted by Section 27 of the Federal Deposit Insurance Act ("FDIA"), 12 U.S.C. § 1831d. Section 27 of the FDIA authorizes federally-insured "state banks" (as defined under Section 3(a)(2) of the FDIA, 12 U.S.C. § 1813(a)(2)) to charge late fees permitted by the laws of their home states. Georgia law provides for a higher late fee limit than the LCCL. Monogram also argued that the parties were diverse and, pursuant to In re Abbott Laboratories, 51 F.3d 524 (5th Cir. 1995), Heaton's demand for attorney's fees under the LCCL caused the amount in controversy to exceed $75,000.

Heaton sought remand, arguing that Monogram could not invoke complete preemption because it was not a "state bank" under the definition contained in Section 3(a)(2) of the FDIA. Section 3(a)(2) defines state banks as those which are "engaged in the business of receiving deposits" and which are incorporated under

2

state law. Part of Heaton's argument was that because Monogram accepts deposits only from its parent company and not from its customers, it could not be engaged in the business of receiving deposits. She also contended that In re Abbott Laboratories was inapplicable, and therefore the court lacked diversity jurisdiction.

Judge Porteous denied Heaton's motion, concluding that under the plain language of the FDIA, Monogram was a "state bank." He also cited a letter from the Federal Deposit Insurance Corporation ("FDIC") in which the FDIC stated that it considered Monogram to be a state bank. Therefore, Heaton's claims were completely preempted.[1] Less than a week after the denial of remand, the case was re-assigned to Judge Barbier. Judge Barbier denied Heaton's petition for an interlocutory appeal of the denial of remand, finding that there was no "substantial ground for difference of opinion as to whether the defendant is a state bank." Heaton v. Monogram Credit Card Bank of Georgia, No. 98-1823 (E.D. La. Nov. 25, 1998) (minute entry denying permission to appeal).

Thereafter, Heaton moved to amend her petition to assert a federal claim under the Truth in Lending Act ("TILA"), specifically 15 U.S.C. § 1637(c)(3)(B). This claim was not related to the credit card late fees. A magistrate judge denied this motion, but Judge Barbier vacated the magistrate judge's order and allowed

---

[1]The judge's order did not address the question of diversity jurisdiction.

3

Heaton to assert the TILA claim.

Later, Heaton discovered that Monogram had participated in the preparation of the FDIC letter that Judge Porteous had cited in his order denying the motion to remand. Heaton then moved for a reconsideration of her motion. Judge Barbier granted the motion and remanded the case to state court, citing 28 U.S.C. § 1447(c). The judge rejected Monogram's argument that Heaton had waived her objection to the earlier denial of remand by amending her petition to add the TILA claim. On the same day that he signed the remand order, Judge Barbier granted Heaton's voluntary motion to dismiss that claim with prejudice, and noted the dismissal in a footnote in the remand order.

In granting the motion to remand, Judge Barbier concluded that Monogram was not a "state bank" because it was not "engaged in the business of receiving deposits" under Section 3(a)(2). He reasoned that because Monogram only receives deposits from its parent company, under a plain reading of the FDIA, it could not be engaged in the business of receiving deposits from its customers. As a result, the judge concluded that "this Court does not have federal question jurisdiction, and there is no federal preemption." Heaton v. Monogram Credit Card Bank of Georgia, No. 98-1823 (E.D. La. Nov. 22, 1999) (minute entry ordering remand). The judge also found diversity lacking, and noted that "if there is any doubt as to federal subject matter jurisdiction, the court should resolve the doubt in favor of remand." Id.

4

Monogram appealed. Heaton moved to dismiss the appeal for lack of appellate jurisdiction.

DISCUSSION

We begin with 28 U.S.C. § 1447(d), which provides: "An order remanding a case to State court from which it was removed is not reviewable on appeal or otherwise." Notwithstanding this broad language, the Supreme Court has explained that this provision is to be interpreted in pari materia with § 1447(c), such that only remand orders issued under § 1447(c) and "invoking the grounds specified therein" are immune from review. Thermtron Prods., Inc. v. Hermansdorfer, 423 U.S. 336, 345-46, 96 S. Ct. 584, 590, 46 L. Ed. 2d 542 (1976), abrogated on other grounds by Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 116 S. Ct. 1712, 135 L. Ed. 2d 1 (1996); Smith v. Texas Children's Hosp., 172 F.3d 923, 925 (5th Cir. 1999). Lack of subject matter jurisdiction is one basis for remand under § 1447(c). A § 1447(c) remand is not reviewable on appeal even if the district court's remand order was erroneous. Thermtron, 423 U.S. at 343, 96 S. Ct. at 589; Smith, 172 F. 3d at 925; Giles v. NYLCare Health Plans, Inc., 172 F.3d 332, 336 (5th Cir. 1999). "Reviewable non-§ 1447(c) remands constitute a narrow class of cases, meaning we will review a remand order only if the district court 'clearly and affirmatively' relies on a non-§ 1447(c) basis." Copling v. Container Store, Inc., 174 F.3d 590, 596 (5th Cir. 1999); Giles, 172 F.3d at 336. The justification for this rule is "to prevent delay in the trial of remanded cases by

5

protracted litigation of jurisdictional issues." Thermtron, 423 U.S. at 351, 96 S. Ct. at 593. As a result, we have stated that "the district court is the final arbiter of whether it has jurisdiction to hear the case." Smith, 172 F.3d at 925.

A plain and common sense reading of the Judge Barbier's remand order reveals that he stated a § 1447(c) basis for remand. The judge specifically concluded that "this Court does not have federal question jurisdiction" and that "there is no federal preemption." He also specifically mentioned that doubt as to whether there is subject matter jurisdiction should be resolved in favor of remand. He then invoked § 1447(c) in ordering the remand. Even if Judge Barbier's conclusions that Monogram was not a state bank and that there was therefore no preemption were erroneous, we cannot review his remand order.

Monogram argues, however, that despite the clear language of the remand order, the true basis for the order was 28 U.S.C. § 1367(c)(3). Monogram thus concludes that we have jurisdiction in this case because remand orders pursuant to § 1367(c) are subject to appellate review. Hook v. Morrison Milling Co., 38 F.3d 776, 780 (5th Cir. 1994). Under § 1367(c)(3), a district court may decline in its discretion to exercise supplemental jurisdiction over supplemental (formerly "pendent") state law claims when the court has dismissed all claims giving rise to original jurisdiction. Monogram asserts that Judge Barbier's dismissal of Heaton's federal TILA claim, which he noted in his remand order,

6

was the predicate for the remand of what Judge Barbier considered to be remaining state law claims. Heaton's addition of the TILA claim, according to Monogram, formed an independent basis for federal question jurisdiction, and Judge Barbier's dismissal of the claim with prejudice demonstrated that he thought he had subject matter jurisdiction over that claim. Therefore, Monogram argues that the remand order was necessarily pursuant to § 1367(c)(3), and Judge Barbier simply mislabeled the order as one pursuant to § 1447(c).

In making this argument, Monogram relies on our decision in Bogle v. Phillips Petroleum Co., 24 F.3d 758 (5th Cir. 1994). In that case, a panel of this Court stated:

The critical distinction for determining appealability is the presence of federal subject matter jurisdiction prior to the order of remand. In a Section 1447(c) remand, federal jurisdiction never existed, and in a non-Section 1447(c) remand, federal jurisdiction did exist at some point in the litigation, but the federal claims were either settled or dismissed.

Id. at 762. Monogram asserts that because the TILA claim conferred federal question jurisdiction on the district court, federal jurisdiction "did exist at some point" in the suit and therefore the remand could not have been based on § 1447(c).

We reject Monogram's argument. In Bogle, the district court's remand order concluded that "'[t]his case does not contain a

federal claim.'" Id. However, the court also went on to discuss the discretionary factors set forth in Carnegie-Mellon University v. Cohill, 484 U.S. 343, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988), which district courts should consider in remanding supplemental state law claims. Therefore, because the remand order in Bogle was at first glance somewhat ambiguous, our elucidation of the grounds for remand was required in order to determine the district court's reasons for remanding. We concluded that the district court's discussion of the discretionary factors did not taint its conclusion that subject matter jurisdiction was lacking, and therefore § 1447(c) formed the basis for the order. Bogle, 24 F.3d at 762.

In the instant case, however, we see no ambiguity whatsoever in Judge Barbier's remand order. Although brief, the order clearly and affirmatively stated a § 1447(c) reason for remand, because Judge Barbier concluded that he lacked subject matter jurisdiction. His citation of § 1447(c) is clearly not a "mislabeling" of the basis for remand. Nowhere in the order did the judge discuss the discretionary factors set forth in Carnegie-Mellon, nor did he cite § 1367(c)(3) or any other basis for remand.[2] In Smith, this Court

---

[2]But see Giles v. NYLCare Health Plans, Inc., 172 F.3d 332, 336 (5th Cir. 1999) (where the remand order was reviewable on appeal because "[t]he court specifically noted that 'this is an appealable order because the basis of my ruling is an exercise of discretion to remand pendent state law claims."); and Hook v. Morrison Milling Co., 38 F.3d 776, 780 (5th Cir. 1994) (the remand order was reviewable because "[t]he district court below made clear that it was remanding Hook's state law negligence claim, i.e., her only

8

initially reviewed the first of two remand orders in that case. Because the district judge granted summary judgment against the plaintiff on some of her claims but remanded a remaining state law claim, the Court interpreted the order as a discretionary remand of pendent state law claims. Smith v. Texas Children's Hosp., 84 F.3d 152, 154 (5th Cir. 1996). On remand to the federal district court, the district judge entered a second order remanding the case to state court. Despite our interpretation of the first remand order, the second remand order stated: "This court does not and has never had jurisdiction over Smith's claim." The judge then ordered the remand pursuant to § 1447(c). Smith v. Texas Children's Hosp., 172 F.3d 923, 925 (5th Cir. 1999). On the appeal of this second order, we concluded that the order did not affirmatively state a non-§ 1447(c) ground for remand, and therefore § 1447(d) barred appellate review. Id. at 927. Likewise, in the instant case, even if Judge Barbier's conclusion that he lacked subject matter jurisdiction was clearly erroneous, he did not state a non-§ 1447(c) ground for remand and we cannot review his order.

Monogram relies on decisions of other circuits in asserting that the "mere incantation" of § 1447(c) or the words of subject matter jurisdiction does not automatically render the remand order unreviewable. Further, Monogram urges us to conduct an independent review of the remand order to determine the "true" basis for the

remaining claim, pursuant to its discretion.").

9

remand. However, we note that in <u>Bogle</u>, looking at the face of the remand order we stated: "The magic words 'this case does not contain a federal claim' rendered the district court's remand order unreviewable." <u>Bogle</u>, 24 F.3d at 762.[3]

Monogram also argues that we must apply our decision in <u>In re Digicon Marine, Inc.</u>, 966 F.2d 158 (5th Cir. 1992) and conclude that we are not bound by Judge Barbier's "erroneous characterization" of his reasons for remanding. However, <u>Digicon Marine</u> supports, rather than contradicts, our holding today. In that case, the trial court granted a motion to remand based on the lack of authority to remove a maritime case under 28 U.S.C. § 1441(b). <u>Id.</u> at 159. <u>Later</u>, in an order denying reconsideration, it stated that the earlier ruling was based upon a lack of subject

---

[3]<u>See also</u> <u>McDermott Int'l, Inc. v. Lloyds Underwriters of London</u>, 944 F.2d 1199, 1201 n.1 (5th Cir. 1991) (noting that the grounds for reviewing remand orders have expanded, and admonishing district courts to "take care to explain their reasons for remanding cases" because "the availability and means of appellate review turns exclusively on the district court's reason for remand."); <u>Tillman v. CSX Transp., Inc.</u>, 929 F.2d 1023, 1026 (5th Cir. 1991) ("Reviewability of a remand order depends entirely upon the trial court's stated grounds for its decision to remand."); <u>Richards v. Federated Dep't Stores, Inc.</u>, 812 F.2d 211 & n.1 (5th Cir. 1987) (the remand order "is proof against review even if it merely 'purports' to remand on the ground quoted."); and <u>In re Merrimack Mut. Fire Ins. Co.</u>, 587 F.2d 642, 644 (5th Cir. 1978) ("If . . . the remand order states that it is based on 1447(c) statutory grounds, it is immune from review by an appellate court.").
Monogram suggests these decisions may be inapplicable because they dealt with cases originated before the December 1, 1990 effective date of § 1367. However, the Supreme Court clearly approved discretionary remands of pendent state law claims as early as 1988 in <u>Carnegie-Mellon</u>. Moreover, because of our holding today that Judge Barbier's order was based solely on § 1447(c) grounds, we see no reason why these cases are inapposite.

10

matter jurisdiction. Id. We concluded that "[d]espite the district court's description of the remand as one based on a lack of subject matter jurisdiction in its order on reconsideration, the district court's original remand order clearly indicates on its face that the remand was not based upon lack of original subject matter jurisdiction . . . ." Id. at 160. In the instant case, Judge Barbier did not discuss his reasons for remanding in any order outside the remand order itself. Just as in Digicon Marine, in this case we need only look to the face of the remand order to determine his reasons for remanding. We cannot read the remand order to say that the court "clearly and affirmatively" relied on a non-§ 1447(c) basis as required by Copling v. Container Store, Inc., 174 F.3d 590, 596 (5th Cir. 1999) and Giles v. NYLCare Health Plans, Inc., 172 F.3d 332, 336 (5th Cir. 1999). The face of the order clearly states a § 1447(c) basis for remand.[4]

We think adopting Monogram's position that we interpret the remand order as one pursuant to § 1367(c)(3) would basically require us to conclude that Judge Barbier remanded the case for the wrong reasons. That approach would essentially amount to an appellate review of the order, which Congress has clearly forbidden

---

[4]Moreover, we note that Digicon Marine points out that when a remand is reviewable on appeal, a district court may reconsider and vacate its own order. Digicon Marine, 966 F.2d 158, 160-61, quoting In re Shell Oil Co., 932 F.2d 1523, 1528 (5th Cir. 1991). However, Monogram did not seek a reconsideration or amendment of Judge Barbier's order to reflect its position that the order was really based on § 1367(c)(3).

11

us to do under § 1447(d).  Monogram urges that "[p]ublic policy considerations strongly militate in favor of allowing this appeal to be maintained."  Appellant's Reply Brief at 10.  It argues that allowing district courts to insulate their remand orders from appellate review by "intoning the words 'subject matter jurisdiction'" would unleash "unreviewable mischief" and deny litigants their right of appeal of § 1367(c)(3) remand orders.  Id. Although we seriously doubt Monogram's prediction, we think the "public policy" decision is one for Congress to make, and one which it has already made in the plain language of § 1447(d).  In enacting § 1447(d), "Congress struck the balance of competing interests in favor of judicial economy."  Smith, 172 F.3d at 925.[5]

We recognize that the merits of this case present significant questions of law concerning the interpretation of the FDIA and the ability of courts to "second-guess" the FDIC's determinations about whether financial institutions are "state banks" under the FDIA. However, we note that because we construe the remand order as jurisdictional in nature, the district court's determinations as to Monogram's substantive preemption defense will have no preclusive

---

[5]See also Tramonte v. Chrysler Corp., 136 F.3d 1025, 1027 (5th Cir. 1998) ("[T]he [Supreme] Court has recognized that § 1447(d) intends to insulate from appellate review a district court's determinations as to its subject matter jurisdiction . . . ."); and Tillman v. CSX Transp., Inc., 929 F.2d 1023, 1024 (5th Cir. 1991) ("The trial court brought its remand order within the absolute immunity from review of 28 U.S.C. § 1447(c) by expressly referring to a lack of jurisdiction as one of the bases of its decision to remand.").

effect on the state court. <u>Smith v. Texas Children's Hosp.</u>, 172 F.3d 923, 926 (5th Cir. 1999).

We think Judge Barbier clearly intended to base his order on § 1447(c). Having concluded that he lacked subject matter jurisdiction over the case, however, Judge Barbier lacked jurisdiction to grant Heaton's motion for voluntary dismissal with prejudice. Such a ruling is a judgment on the merits. <u>See</u> <u>Boudloche v. Conoco Oil Corp.</u>, 615 F.2d 687, 688 (5th Cir. 1980). In <u>Bogle</u>, the district court remanded the case because it believed that it lacked subject matter jurisdiction, yet it granted the plaintiff a partial nonsuit with prejudice of the claims that formed the basis of the defendant's removal petition. <u>Bogle v.</u> <u>Phillips Petroleum Co.</u>, 24 F.3d 758, 762 (5th Cir. 1994). We held that order was void and of no effect. We reach the same conclusion here. The order dismissing Heaton's TILA claim is void.[6]

## CONCLUSION

Because we have concluded that we lack jurisdiction in this case, we DISMISS Monogram's appeal pursuant to 28 U.S.C. § 1447(d).

APPEAL DISMISSED.

---

[6]We realize that because of our holding today, Monogram may file another petition for removal based on the TILA claim once this case is returned to state court. We are aware that this result may conflict with the policy of judicial economy embodied in § 1447(d). However, we are constrained by the language of Judge Barbier's remand order that he felt he had no subject matter jurisdiction in this case, and therefore we can reach no other result but that Judge Barbier was not empowered to render a ruling on the merits.