Georgia **HELMER**

v.

Joshua **WEAVER**.

No. Civ.A. 00–2892.

United States District Court,
E.D. Louisiana.

Dec. 15, 2000.

---

Robert A. Barnett, Guste, Barnett & Shushan, LLP, New Orleans, LA, for Georga Helmer.

William J Weaver, St. Charles, IL, pro se.

BARBIER, District Judge.

Before the Court is the **Motion to Reconsider** (Rec.Doc. 6), filed by defendant and counter-plaintiff, Joshua Weaver. Plaintiff and counter-defendant, Georgia Helmer, opposes the motion. The motion is set for hearing on December 20, 2000, and Helmer has requested oral argument.

Upon review of this matter, the Court has determined that it lacks jurisdiction and therefore may not consider the Motion to Reconsider. Following removal of this matter to this court, plaintiff Helmer filed a Motion to Remand, based on her argument that subject matter jurisdiction was lacking. That motion was set for hearing on November 22, 2000, and accordingly, defendant's opposition was due on November 14, 2000. On November 17, 2000, having received no opposition, and having determined that the Motion to Remand was well-founded, the motion was granted, remanding this matter to state court. Subsequently, the Court received a late-filed opposition, received in the clerk's office on November 16, 2000 (two days late), and in chambers, within a day or so after that. No separate copy had been routed to chambers by plaintiff, as required by local rule. Thus, the Court did not learn of plaintiff's opposition until after it had ruled on the motion.

■ "An order remanding a case to the State court from which it was removed is not reviewable on appeal **or otherwise**." 28 U.S.C. § 1447(d) (emphasis added). "The Court's ability to reconsider is limited to discretionary remand orders, not orders based upon lack of subject matter jurisdiction." *Asunto v. Shoup*, 2000 WL 1742055 (E.D.La.2000), citing *Thompson v. Radosta*, 906 F.Supp. 367 (E.D.La.1995). In fact, "[n]ot only may the order not be appealed, but the district court itself is divested of jurisdiction to reconsider the matter. Thus, even if it later decides the order was erroneous, a remand order cannot be vacated even by the district court." *New Orleans Public Service v. Majoue*, 802 F.2d 166, 167 (5th Cir.1986); *see also, Heaton v. Monogram Credit Card Bank of Georgia*, 231 F.3d 994, 997 (5th Cir.2000).[1] Because this matter was remanded based on a lack of subject matter jurisdiction, this Court lacks jurisdiction to reconsider its prior order. Accordingly;

**IT IS ORDERED** that defendant's **Motion to Reconsider** (Rec.Doc. 6) should be and is hereby **DENIED.**

■

---

1. The Court is aware that the prior order granting the motion to remand as unopposed contained language suggesting that a motion to reconsider could be filed within 30 days. That language is routinely included in orders granting motions as unopposed; however, its inclusion cannot negate the fact that in this case, the Court has simply been divested of jurisdiction to reconsider a motion which it might otherwise reconsider.