IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 99-41117

---

THE STATE OF RIO DE JANEIRO OF THE FEDERATED REPUBLIC OF BRAZIL

Plaintiff-Appellee,

versus

PHILIP MORRIS INCORPORATED; ET AL,

Defendants,

PHILIP MORRIS INCORPORATED; PHILIP MORRIS COMPANIES, INC.;
PHILIP MORRIS PRODUCTS, INC.; PHILIP MORRIS INTERNATIONAL, INC.;
R. J. REYNOLDS TOBACCO COMPANY; R. J. REYNOLDS INTERNATIONAL;
NABISCO GROUP HOLDINGS CORP., formerly known as RJR Nabisco
Holdings Corp.; R. J. REYNOLDS TOBACCO HOLDINGS, INC., formerly
known as RJR Nabisco, Inc.; LORILLARD, INC.; LORILLARD TOBACCO
COMPANY; LOEWS CORPORATION; BROWN & WILLIAMSON TOBACCO
CORPORATION; BATUS HOLDINGS, INC.; THE AMERICAN TOBACCO
COMPANY; B A T INDUSTRIES, PLC,

Defendants-Appellants.

---

Appeal from the United States District Court
For the Eastern District of Texas

---

January 22, 2001

Before GARWOOD, HIGGINBOTHAM, and STEWART, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

To create jurisdiction, this appeal of a remand order has been
dressed as a challenge to the remanding court's denial of a motion

to stay proceedings pending MDL transfer.  We DISMISS the appeal for lack of jurisdiction under 28 U.S.C. § 1448(d).

I

Rio de Janeiro sued Philip Morris and other tobacco companies to recoup money spent treating smoking-related illnesses, one of at least eight such cases filed by foreign governments. The MDL panel designated the United States District Court for the District of Columbia as the transferee forum for foreign government tobacco cases.

This case was originally filed in a Texas state court, under state law theories of negligence, fraud, and misrepresentation. Defendants removed to federal court on federal question and diversity grounds.[1]  The MDL Panel issued a Conditional Transfer Order transferring this case to the District of Columbia in August of 1999.  As recited by the panel in its transmittal of the transfer order, panel practice contemplates that a district court may remand a removed case to state court before its transfer order under 28 U.S.C. § 1407 becomes effective.  Rio objected to the conditional transfer order and moved to remand.  Defendant tobacco companies moved to stay any remand order pending transfer.

With the issue joined, the district court, before the MDL transfer order became effective, granted the motion to remand,

_____

[1] The federal question theory sought to invoke the law of foreign relations, since the plaintiff was a foreign government. The diversity theory argued that one defendant had been fraudulently joined to defeat diversity.

2

implicitly denying the motion to stay, finding no substantial federal question and no proper diversity of citizenship. Defendants urge that had the stay been granted, the case would have been transferred and this district court would not have remanded.

## II

Congress has withdrawn our jurisdiction to hear certain appeals from remand orders.[2] The district court here remanded "for lack of subject matter jurisdiction." We are persuaded that we lack jurisdiction to review the remand order under 1447(c).[3]

The remand order does not fall within the limited exception of *Thermtron Products, Inc. v. Hermansdorfer*.[4] In *Thermtron*, the Supreme Court held that section 1447(d) does not bar appellate review of remand orders that are not grounded in a section 1447(c) claim that a case was removed "improvidently and without jurisdiction."[5] In *Thermtron*, the Court exercised appellate review of a remand order grounded in the need to clear an overcrowded docket. Here, by contrast, the remand order was expressly based on

---

[2] *See* 28 U.S.C. § 1447(d) (2000) ("An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise. . . ."); *Thermtron Products, Inc. v. Hermandorfer*, 423 U.S. 336 (1976) (holding that § 1147(d) covers all remands based on § 1447(c)).

[3] *See* 28 U.S.C. § 1447(c) (2000) (authorizing remand for lack of subject matter jurisdiction).

[4] 423 U.S. 336 (1976).

[5] *Id.* at 343.

a lack of subject matter jurisdiction in the core of section 1447(d) and is not subject to the *Thermtron* exception.[6]  As the Court repeated in *Things Remembered, Inc. v. Petrarca*,[7] "[a]s long as a district court's remand is based on . . . lack of subject-matter jurisdiction . . . a court of appeals lacks jurisdiction to entertain an appeal of the remand order under § 1447(d)."[8]  And as we recently reaffirmed, even if the district court's determination of subject matter jurisdiction was erroneous, it remains immune from review.[9]  This much is rote.

### III

Defendant tobacco companies attempt to escape the black hole force of a remand for want of jurisdiction, urging error in refusing to stay the case rather than dismissing it.  The argument goes that after reversing the stay, we should then reverse the remand order, assertedly a ministerial task because the remand

---

[6] For this reason, *In re TMI Ligitation Cases Consolidated II*, 940 F.2d 832 (3d Cir. 1991), even were we to adopt its holding today, would not permit review of this case.  *TMI*, while making an exception to section 1447(d), made clear that any exceptions could reach only "claims not remanded on jurisdictional grounds."  *Id.* at 841.

[7] 516 U.S. 124 (1995).

[8] *Id.* at 127-28.

[9] *See Heaton v. Monogram Credit Card Bank of Georgia*, 231 F.3d 994, 997 (5th Cir. 2000).

order could not have been entered had the stay been granted.[10]  We are not convinced.  The Supreme Court has made clear that an order associated with a remand order can be reviewed only when it precedes "in logic and in fact the decree of dismissal" and "if not reversed or set aside" it would be "conclusive upon the petitioner."[11]  The denial of stay satisfies neither requirement.

The order denying a stay was not prior in logic and fact to the remand order; it was simply the obverse of the remand order. The motion to stay was no more than the contended-for alternative to remand.  The MDL's conditional transfer order by its terms could take effect only if the district court did not remand.

IV

We DISMISS this appeal for lack of jurisdiction.

---

[10] Defendants rely upon *Tramonte v. Chrysler Corporation*, 136 F.3d 1025 (5th Cir. 1998).  *Tramonte* held that a district court judge was required to recuse herself under the federal recusal statute.  We held that the statute divested her of authority to rule in the case, after her recusal was required, and that her remand order was therefore invalid.  *Id.* at 1027-28.

[11] *City of Waco v. United States Fidelity & Guaranty Co.*, 293 U.S. 140, 143 (1934).

5