United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 30, 2003**

Charles R. Fulbruge III
Clerk

In the

# United States Court of Appeals
## for the Fifth Circuit

_____

m 02-30716

_____

ORSON HOOD,

Plaintiff-Appellee,

VERSUS

ALLSTATE INSURANCE COMPANY, ET AL.,

Defendants,

ALLSTATE INSURANCE COMPANY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
m 01-CV-980-A

_____

Before SMITH and BARKSDALE, Circuit Judges, and DUPLANTIER,[*] District Judge.

PER CURIAM:[**]

Orson Hood sued Allstate Insurance Company ("Allstate") and a nondiverse insurance agent in state court. Allstate removed to federal court, asserting diversity jurisdiction under 28 U.S.C. § 1441 and fraudulent joinder of the nondiverse agent. The district court remanded to state court pursuant to 28 U.S.C. § 1447(c), declaring lack of subject matter jurisdiction. Allstate appeals that order. Because we lack jurisdiction, we dismiss the appeal.

## I.

Hood, on behalf of himself and a putative class, alleged that Allstate had mishandled claims stemming from a hailstorm. The insurance agent was the adjuster for Hood's individual claim. Five other class actions based on the same storm were also removed to federal court. Unlike Hood, the plaintiffs in the other class actions named multiple insurance companies, including Louisiana insurance companies. All six actions were assigned to the same judge, who consolidated them under FED. R. CIV. P. 42.

On plaintiffs' motion, the district court issued a single memorandum opinion remanding all of the consolidated class actions to state court, concluding that the joining of the Louisiana insurance carriers was not fraudulent. The court did not mention that no Louisiana insurance carriers were joined in Hood's action, nor did it rule whether joinder of the nondiverse agent in this action was fraudulent.

Allstate moved for reconsideration, arguing that the district court had not considered the unique facts of this action separately from those of the other consolidated class actions. Hood opposed reconsideration, arguing that the nondiverse agent defeated diversity. The district court reviewed its order, found that diversity jurisdiction did exist, and issued a new order (the "second order").

The case was transferred to a second judge, then to a third. Hood moved to vacate the second order under FED. R. CIV. P. 60(b)(4),[1] contending that the district court lacked jurisdiction to reconsider its remand order. The court granted the motion and issued another order (the "third order"), vacated the second order, and reinstated the original remand. The court found that the second order violated 28 U.S.C. § 1447(d), and the court expressly remanded "pursuant to 28 U.S.C. § 1447(c) due to lack of subject matter jurisdiction."

## II.

Hood asserts that we lack jurisdiction because of the third order's express remand for want of jurisdiction. Allstate responds that the district court did not actually find a lack of subject matter jurisdiction, but instead only reinstated the prior judge's order. Allstate argues that because Hood did not move to remand for lack of subject matter jurisdiction,

[*] District Judge of the Eastern District of Louisiana, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Rule 60(b)(4) allows that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a[n] . . . order [if] . . . the judgment is void."

the court was not addressing jurisdiction directly, but rather was announcing the result of its vacatur of the second order. We disagree.

### A.

Title 28 U.S.C. § 1447(d) provides:

> An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise.

This provision is interpreted *in pari materia* with § 1447(c); "'[T]his means that only remand orders issued under § 1447(c) and invoking the grounds specified therein that removal was . . . without jurisdiction are immune from review under § 1447(d).'" *Smith v. Tex. Children's Hosp.*, 172 F.3d 923, 925 (5th Cir. 1999) (quoting *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 345-46 (1976), *abrogated on other grounds by Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 715 (1996)).

In *Heaton v. Monogram Credit Card Bank*, 231 F.3d 994, 997 (5th Cir. 2000), the appellant argued that the actions of the district court suggested "that despite the clear language of the remand order, the true basis for the order was 28 U.S.C. § 1367(c)(3)," which is a reviewable ground for removal.[2]

We rejected that argument, stating that

> there was "no ambiguity whatsoever in Judge Barbier's remand order. Although brief, the order clearly and affirmatively stated a § 1447(c) reason for remand, because Judge Barbier concluded that he lacked subject matter jurisdiction. . . . [E]ven if Judge Barbier's conclusion that he lacked subject matter jurisdiction was clearly erroneous, he did not state a non-§ 1447(c) ground for remand and we cannot review his order.

*Id.* at 998.

Therefore, a remand that invokes subject matter jurisdiction as its basis is not reviewable, even if circumstances indicate that the remand was not taken for such a purpose. Without exception, where the district court states a jurisdictional basis for remand, that court "is the final arbiter of whether it has jurisdiction to hear the case." *Smith*, 172 F.3d at 925.

The district court may not have reconsidered whether removal jurisdiction was originally present. Even so, there is no tenable basis on which to distinguish the doctrine laid down in *Heaton* and prior cases. As with the district court in *Heaton*, the district court here "clearly and affirmatively stated a § 1447(c) reason for remand." *Heaton*, 231 F.3d at 998.

---

[2] The district court purported first to dismiss Heaton's federal counterclaim before remanding what it considered to be remaining state law claims. The appellant asserted that the district court's "dismissal of the claim with prejudice dem-
(continued...)

[2] (...continued)
onstrated that he thought he had subject matter jurisdiction over that claim," meaning that the "the remand order was necessarily pursuant to § 1367(c)(3), and Judge Barbier simply mislabeled the order as one pursuant to § 1447(c)." *Heaton*, 231 F.3d at 997.

Though Allstate argues that Hood had not moved to dismiss for want of jurisdiction,[3] the specter of jurisdiction was certainly before the court, and, in any event, subject matter jurisdiction may be raised *sua sponte*. *H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 328 (5th Cir. 2000).

### B.

Allstate suggests that we may look past the district court's description in the third order and may review the original remand that that order purported to reinstate. Allstate cites *In re Digicon Marine, Inc.*, 966 F.2d 158 (5th Cir. 1992), for support. In *Heaton*, we addressed a similar argument, stating:

> However, *Digicon Marine* supports, rather than contradicts, our holding today. In that case, the trial court granted a motion to remand based on the lack of authority to remove a maritime case under 28 U.S.C. § 1441(b). [*Digicon Marine*, 966 F.2d] at 159. Later, in an order denying reconsideration, it stated that the earlier ruling was based upon a lack of subject matter jurisdiction. *Id*. We concluded that "despite the district court's description of the remand as one based on a lack of subject matter jurisdiction in its order on reconsideration, the district court's original remand order clearly indicates on its face that the remand was not based upon lack of original subject matter jurisdiction . . . ." *Id*. at 160. In the instant case, Judge Barbier did not discuss his reasons for remanding in any order outside the remand order itself. Just as in *Digicon Marine*, in this case we need only look to the face of the remand order to determine his reasons for remanding. We cannot read the remand order to say that the court "clearly and affirmatively" relied on a non-§ 1447(c) basis as required by *Copling v. Container Store, Inc.*, 174 F.3d 590, 596 (5th Cir. 1999) and *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999). The face of the order clearly states a § 1447(c) basis for remand.

*Heaton*, 231 F.3d at 999.

Here, the third order did discuss previous orders. In contrast to what occurred in *Digicon Marine*, however, the court did not merely discuss and interpret a prior order before denying reconsideration of it. Rather, it first purported to reinstate the original remand, then declared "that this case is REMANDED . . . pursuant to 28 U.S.C. § 1447(c) due to lack of subject matter jurisdiction."

Allstate would have us ignore this direct language and conclude that, in fact, the final paragraph was merely a restatement of the effect of reinstating the remand order. This paragraph, however, appears to set forth separate grounds for remand and does not refer to the reinstated order. Such a direct statement constitutes "magic words" that "render[] the district court's remand order unreviewable." *Bogle v. Phillips Petroleum Co.*, 24 F.3d 758, 762 (5th Cir. 1994). This language of the closing paragraph is unambiguous and controlling; to the extent that it is inconsistent

---

[3] Hood disputes this contention, stating that he "has at all times contended that subject matter jurisdiction does not exist." This is accurate, though the original basis of his argument was that diversity was lacking, and he now argues only that the district court was divested of jurisdiction when the original remand order was mailed.

4

with previous paragraphs, it supersedes them and renders them void.[4]

The appeal is DISMISSED for want of jurisdiction.

---

[4] *Heaton*, 231 F.3d at 1000 (finding that a concurrent order purporting to dismiss the federal claim was void because it was contrary to the finding of no subject matter jurisdiction); *Bogle*, 24 F.3d at 762 (holding that grant of partial nonsuit with prejudice was void and of no effect because of a remand for lack of subject matter jurisdiction).