**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 18, 2009

No. 08-20582
Summary Calendar

Charles R. Fulbruge III
Clerk

Wachovia Bank, N.A.

Plaintiff - Appellee

v.

PICC PROPERTY AND CASUALTY COMPANY LIMITED

Third-Party Defendant - Appellant

v.

HLP/GAC INTERNATIONAL INC

Third-Party Plaintiff - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CV-1104

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

PICC Property and Casualty Company Limited ("PICC") appeals the district court's order dated August 13, 2008, remanding this third-party action to state court. HLP/GAC International, Inc. ("HLP") responded and also filed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

motions to dismiss the appeal and for fees under Federal Rule of Appellate Procedure 38. For the reasons set forth below, we conclude that we lack jurisdiction and therefore GRANT the motion to dismiss PICC's appeal. We DENY the motion for fees.

## I. BACKGROUND

Wachovia Bank, N.A., sued HLP/GAC International, Inc. ("HLP"), in the 55th Judicial Court of Harris County, Texas. HLP later sued PICC in a third-party action in the same court. PICC subsequently removed the suit pursuant to 28 U.S.C. § 1441, on the basis that diversity jurisdiction existed under 28 U.S.C. § 1332. HLP did not seek remand.

In July 2008, over a year after removal, the district court issued an order *sua sponte* raising the issue of the propriety of its removal jurisdiction and requesting that PICC brief the issue of "whether [the district court] ha[d] subject matter jurisdiction over the third-party action," specifically, whether a third-party defendant could remove a third-party action under § 1441 on the basis of diversity jurisdiction. After receiving briefing from the parties, the district court ruled on August 13, 2008, that "[u]pon review and consideration of the aforementioned documents and the relevant legal authority, and for the reasons set forth below, the Court finds that it lacks subject matter jurisdiction over the instant case."

The reasons then set forth by the district court solely focused on whether a third-party defendant is a "defendant" within the meaning of § 1441(a). After thoughtfully analyzing § 1441(a) and various cases interpreting that provision, the court concluded that third-party defendants are not entitled to remove under § 1441(a), following the majority of courts that have addressed the issue. The

2

district court concluded its order by again stating that it found that subject matter jurisdiction was lacking and that the suit was therefore remanded to the state court where it was originally filed.

PICC appealed. HLP moved to dismiss the appeal for lack of appellate jurisdiction and moved for fees pursuant to Rule 38. The motions were carried with the case.

## II. DISCUSSION

In 28 U.S.C. § 1447(d), Congress provided that: "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." Although this language is broad, "the Supreme Court has explained that this provision is to be interpreted *in pari materia* with § 1447(c), such that only remand orders issued under § 1447(c) and 'invoking the grounds specified therein' are immune from review." *Heaton v. Monogram Credit Card Bank of Ga.*, 231 F.3d 994, 997 (5th Cir. 2000) (quoting *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 345-46 (1976), abrogated on other grounds by *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996)). Under § 1447(c), a case may be remanded upon a motion made within thirty days after the filing of the notice of removal "on the basis of any defect other than lack of subject matter jurisdiction." However, § 1447(c) goes on to require that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

It is well-established that "[a] § 1447(c) remand is not reviewable on appeal even if the district court's remand order was erroneous." *Heaton*, 231 F.3d at 997; *Thermtron*, 423 U.S. at 343. This is true "even if a court employs erroneous principles in concluding that it is without jurisdiction under §

1447(c)," not merely if the court employs the correct reasoning and reaches an erroneous outcome. *Smith v. Texas Children's Hosp.*, 172 F.3d 923, 925 (5th Cir. 1999) (citing *Gravitt v. Southwestern Bell Tel. Co.*, 430 U.S. 723, 723-24 (1977) (per curiam)).

HPL argues that this appeal must be dismissed because the remand order states that the district court concluded that it lacked subject matter jurisdiction, and we need not look further. PICC argues that this court has appellate jurisdiction because the district court's conclusion that a third-party defendant is not a "defendant" for § 1441(a) purposes, and therefore cannot remove an unsevered third-party action, was a procedural defect that was waived when HLP did not raise it within thirty days, not a lack of subject matter jurisdiction.

A plain reading of Judge Harmon's remand order makes clear that § 1447(c) was the basis for remanding this case. The court specifically concludes, and reiterates at the end of the order, that the district court lacked subject matter jurisdiction over the action. Contrary to PICC's assertion, the district court did not "clearly stat[e]" that "remand was based on a defect in the removal procedure." Rather, the district court held that the removal defect – that third-party defendants are not "defendants" as that term is used in § 1441(a) – deprived it of subject matter jurisdiction. PICC takes issue with the determination that the identified defect is one of subject matter jurisdiction, rather than a waivable procedural error. That is certainly a plausible argument,[1] but it does not affect our analysis. Even if the district court erred in

---

[1] In this Circuit, any objection to removal that does not involve whether the action could have originally been brought in federal district court is a procedural error that may be waived by a litigant's failure to object to removal within the 30-day period provided in § 1447(c), rather than a lack of subject matter jurisdiction. *See Williams v. AC Spark Plugs Div. of Gen. Motors Corp.*, 985 F.2d 783, 787 (5th Cir. 1993); *but see First Nat'l Bank of Pulaski v. Curry*, 301 F.3d 456, 461, 467 (6th Cir. 2002) (holding third-party defendant did not have the power

perceiving § 1441(a) to be an issue of subject matter jurisdiction rather than a procedural defect, it does not mean that the instant remand order is appealable.

PICC further argues that the district court's statement that it lacked subject matter jurisdiction was a "mere incantation" that does not immunize an improper remand that PICC asserts was only based on a defect in the removal procedure, relying on *In re Digicon Marine, Inc.*, 966 F.2d 158, 160 (5th Cir. 1992). That reliance is misplaced. In *Digicon Marine*, the district court's original remand order "clearly indicate[d] on its face that the remand was not based upon lack of original subject matter jurisdiction but on the lack of authority to remove a maritime case . . . [,]" and only in its order denying reconsideration did the district court describe the remand as based on lack of subject matter jurisdiction. *Digicon Marine*, 966 F.2d at 160. We have previously rejected similar arguments that we should look beyond the language of the remand order's stated § 1447(c) reason for remand and determine the "real" basis for the district court's order. *See Heaton*, 231 F.3d at 998; *Smith*, 172 F.3d at 926-27. In *Heaton*, we rejected an argument based on *Digicon Marine* similar to that made by PICC, concluding that "[j]ust as in *Digicon Marine*, in this case we need only look to the face of the remand order to determine [the district court's] reasons for remanding." *Heaton*, 231 F.3d at 999.

Rejecting the argument that we should determine the "true" basis for a district court's remand order, this court examined *Bogle v. Phillips Petroleum Co.*, and noted that court looked only at the face of the remand order. *Heaton*, 231 F.3d at 998 (discussing *Bogle*, 24 F.3d 758, 762 (5th Cir. 1994)). The *Bogle* court stated: "The magic words 'this case does not contain a federal claim'

---

to remove under § 1441 and that, as a result, the district court never had subject matter jurisdiction).

rendered the district court's remand order unreviewable." 24 F.3d at 762. Here, as in *Heaton*, the district court identified a lack of subject matter jurisdiction as the basis for remand, and "[w]e cannot read the remand order to say that the court 'clearly and affirmatively' relied on a non-§ 1447(c) basis as required. . ." to make the order appealable. *Heaton*, 231 F.3d at 999. "Instead, we will only review remand orders if the district court affirmatively states a non-§ 1447(c) ground for remand." *Smith*, 172 F.3d at 927 (internal quotation omitted).

Because the district court's remand order was based on a lack of subject matter jurisdiction, it was a § 1447(c) remand, and therefore it is unappealable under § 1447(d).

## III. CONCLUSION

For the foregoing reasons, the motion to dismiss this appeal is GRANTED, and the motion for fees is DENIED.