# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 12, 2023

Lyle W. Cayce
Clerk

No. 22-30377

Ina Laborde,

*Plaintiff—Appellant*,

*versus*

American Federation of State County & Municipal Employees; Louisiana Public Employees Council 17 A F S C M E A F L - C I O; Dorothy Townsend; Lloyd Permaul,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:20-CV-318

Before Richman, *Chief Judge*, and Stewart and Douglas, *Circuit Judges*.

Per Curiam:[*]

Hidden behind this labor dispute is a jurisdictional thicket. After clearing the underbrush, we find that we lack jurisdiction and thus DISMISS this appeal.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-30377

Ina Laborde sued various labor organizations and officials in state court, alleging they breached a collective bargaining agreement ("CBA") when they fired her. Defendants removed this action to federal court under Section 301 of the Labor Management Relations Act ("LMRA"). *See* 29 U.S.C. § 185(a) (granting federal jurisdiction over claims involving a contract between an employer and a labor organization). They then moved to dismiss for lack of jurisdiction, claiming the CBA expired before Laborde's termination. The district court agreed, determined it lacked subject matter jurisdiction as a result, and remanded the case back to state court.

Laborde now asks us to reverse that order. Our more immediate concern is, however, whether the federal removal statute forbids us from reviewing Laborde's appeal at all. *See* 28 U.S.C. § 1447(d). We asked the parties to submit supplemental briefs on this issue, and they have now done so. Though both parties agree the removal statute does not bar our review, we find that it does. *Martinez-Guevara v. Garland*, 27 F.4th 353, 359 (5th Cir. 2022) (explaining that we may address jurisdiction on our own motion even when the parties do not contest it).

## I.

We lack jurisdiction over Laborde's appeal. The removal statute prevents us from reviewing "[a]n order remanding a case to the State court from which it was removed." 28 U.S.C. § 1447(d). Read in conjunction with § 1447(c), this bar prevents us from reviewing remand orders which, as here, are "premised on a lack of subject matter jurisdiction." *BP P.L.C. v. Mayor of Baltimore*, 141 S. Ct. 1532, 1541 (2021). That is so "no matter how plain the legal error in ordering the remand." *Kircher v. Putnam Funds Tr.*, 547 U.S. 633, 642 (2006) (citation omitted).

Seeking to skirt this jurisdictional bar, the parties urge us to construe the district court's order into something else entirely: a discretionary

remand.  Laborde separately claims the district court's order was "not a decision made on lack of jurisdiction."

We are not persuaded.  True, a non-§ 1447(c) remand order, such as a discretionary remand, is reviewable on appeal.  *See Brookshire Bros. Holding v. Dayco Prods.*, 554 F.3d 595, 600 (5th Cir. 2009).  But that is only where the district court "clearly and affirmatively" remands on that basis.  *Certain Underwriters at Lloyd's v. Warrantech Corp.*, 561 F.3d 568, 572 (5th Cir. 2006); *see Powerex Corp. v. Reliant Energy Servs.*, 551 U.S. 224, 234 (2007) ("[W]hen . . . the District Court relie[s] upon a ground that is colorably characterized as subject-matter jurisdiction, appellate review is barred by § 1447(d).").

Here, the district court did anything but.  It found the CBA expired and, as a result, "divest[ed] [the court] of subject matter jurisdiction"—a § 1447(c) ground for remand.  Nowhere in the order did the district court 'clearly or affirmatively' rely on any other basis in remanding the case.  *See Heaton v. Monogram Credit Card Bank*, 231 F.3d 994, 998 (5th Cir. 2000).  Right or wrong, the order is thus beyond our review.  *Linton v. Airbus Indus.*, 30 F.3d 592, 600 (5th Cir. 1994).

The parties next argue that even if the remand order is not appealable, we may nonetheless review the district court's findings that preceded the remand.  Though they do not cite to any authority, the parties appear to rely on a narrow exception to § 1447(d) for pre-remand rulings that are "separable" from the remand and are "independently reviewable through a mechanism such as the collateral order doctrine."  *Dahiya v. Talmidge Int'l, Ltd.*, 371 F.3d 207, 210 (5th Cir. 2004) (citation omitted).  A ruling is separable if it (1) preceded the remand order "in logic and in fact" such that it was "made by the district court while it had control of the case"; and

(2) was "conclusive—that is, functionally unreviewable in state courts." *Warrantech Corp.*, 461 F.3d at 577 (cleaned up).

The parties' claim flounders on the second prong: the district court's pre-remand findings were not conclusive. This court has repeatedly held that "when a district court makes a determination in the process of remanding a case for lack of jurisdiction, that determination is jurisdictional and can be revisited by a state court upon remand."[1] *Dahiya*, 371 F.3d at 210–11 (collecting cases); *see Warrantech Corp.*, 461 F.3d at 577. Thus, in *Dahiya*, we declined to review the district court's determinations concerning the validity of an arbitration agreement because the court made these findings in the process of determining whether it had jurisdiction under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. § 205. 371 F.3d at 208-211. We applied the same logic in *Heaton* and declined to review the district court's pre-remand ruling regarding the determination of whether a financial institution was a "state bank" under the Federal Deposit Insurance Act. 231 F.3d at 1000. In both cases, the underlying determinations were jurisdictional and therefore not conclusive.

The same goes here. The district court found the CBA expired "in the process of ascertaining whether it had subject matter jurisdiction." *Dahiya*, 371 F.3d at 211. As such, this determination is not conclusive; the ruling "has no preclusive effect in state court." *Id.*; *see Warrantech Corp.*,

---

[1] Other circuits are also in accord. *See Lyons v. Alaska Teamsters Emplr. Serv. Corp.*, 188 F.3d 1170, 1173 (9th Cir. 1999) (holding that "any consideration of the merits of the preemption defense was in the context of determining jurisdiction" and therefore not preclusive); *Nutter v. Monongahela Power Co.*, 4 F.3d 319, 322 (4th Cir. 1993) ("[A] district court's findings incident to an order of remand have no preclusive effect."); *Baldridge v. Kentucky-Ohio Transp., Inc.*, 983 F.2d 1341, 1349-50 (6th Cir. 1993) (explaining that where the district court's collateral findings were jurisdictional, the parties could raise the issue again in state court).

461 F.3d at 577 (declining to review the district court's pre-remand order granting partial summary judgment to defendants on their res judicata and collateral estoppel defenses); *Linton*, 30 F.3d at 597 ("In light of the district court's ultimate conclusion that the entire case had to be remanded for lack of subject matter jurisdiction, the district court's determination that the [Foreign Sovereign Immunities Act] is inapplicable . . . can be deemed a jurisdictional finding" and is "therefore not 'conclusive'") (citing cases).

Defendants lastly contend the removal statute does not apply to labor disputes that have been removed under the LMRA. In support, they state the removal procedures of the LMRA serve important federal interests, including the need to "fashion a uniform body of law regarding [CBAs] and other labor contracts." *Trevino v. Ramos*, 197 F.3d 777, 779 (5th Cir. 1999) (citing *Teamsters v. Lucas Flour Co.*, 369 U.S. 95, 103 (1962)). But that is not enough: "[a]bsent a clear statutory command to the contrary," we may not "ignore a clear jurisdictional statute" that divests our jurisdiction. *Powerex*, 551 U.S. at 237. That is so even where this prohibition may lead to "undesirable consequences" in cases that may involve important countervailing federal interests. *Id.*

## II.

We find § 1447(d) bars our review and that no exception applies. Thus, we DISMISS this appeal for lack of jurisdiction.