United States Court of Appeals,

Fifth Circuit.

No. 93-2106.

Gary BOGLE, et al., Plaintiffs-Appellees,

v.

PHILLIPS PETROLEUM CO., et al., Defendants,

 Phillips Petroleum Co., Phillips 66 Co., D.W. Price, J. Robert Benz, Don C. Kuper, John E. Knott, John Van Buskirk, Fish Engineering & Construction, Inc., and Raymond Alvarez, Defendants-Appellants.

July 5, 1994.

Appeals from the United States District Court for the Southern District of Texas.

Before ALDISERT[*], REYNALDO G. GARZA and DUHÉ, Circuit Judges.

ALDISERT, Circuit Judge:

This appeal requires us to decide whether the order of the district court remanding these proceedings to the state court is an appealable order.  If we decide that the order is not appealable, we need not meet the contentions presented by Appellant Phillips Petroleum Company.[1]

_____

[*]Circuit Judge of the Third Circuit, sitting by designation.

[1]Appellants are Phillips Petroleum Company, Phillips 66 Company, D.W. Price, John E. Knott, Don C. Kuper, J. Robert Benz, John Van Buskirk, Fish Engineering & Construction, Inc., and Raymond Alvarez.  For convenience we will refer to them as "Phillips" or "Appellant."  Phillips argues that it properly grounded its removal on Bogle's separate and independent federal law claims relating to an Employee Retirement Income Security Act ("ERISA") plan, that the district court erred in allowing Bogle to evade federal jurisdiction by dismissing his ERISA claims and by remanding after allowing dismissal of his ERISA claims.  By separate brief, Fish Engineering and Construction, Inc. argues that multiple exactions of punitive damages violate the due

In determining whether the order is appealable, our threshold inquiry is whether the district court based its remand on lack of subject matter jurisdiction. If it determined it lacked such jurisdiction, there is no appealable order. 28 U.S.C. §§ 1447(c) & (d). The appeal was timely filed in accordance with Rule 4(a) of the Federal Rules of Appellate Procedure. Our standard of review as to determinations of jurisdiction is plenary. *Ingalls Shipbuilding, Inc. v. Asbestos Health Claimants,* 17 F.3d 130, 132 (5th Cir.1994).

## I.

In October of 1989, an explosion at Phillips' Houston Chemical Complex caused 24 deaths, innumerable personal injuries and property damage affecting thousands. Gary Bogle and other employees and victims of the explosion filed suit in Harris County, Texas in November of 1989, alleging negligence and gross negligence on the part of Phillips. This lawsuit was subsequently consolidated with other actions arising out of the explosion. During the course of these consolidated proceedings, Gary Bogle and the other plaintiffs (hereinafter "Appellee") filed a supplemental petition alleging that Phillips wrongfully denied them medical benefits, terminated part of its medical program and breached its fiduciary duties.

In the supplemental petition, Appellee asserted:

3.13 Although in the wake of the occurrence in question, the Phillips Defendants contracted with the Family Service Center Corp. (an independent agency of United Way of the Texas Gulf

process clauses of the federal and Texas constitutions.

2

Coast), the Kelsey-Seybold Clinic, and the University of Texas Health Science Center at Houston to provide medical services, including diagnosis, treatment, and therapy for post-traumatic stress syndrome and related disorders for survivors (and their families) of that disaster, these services continued for only about a month before they were abruptly terminated by Phillips' legal counsel. Further medical treatment required by victims of the explosions was unjustifiably interrupted, although Phillips and its agents knew that these victims could not obtain treatment either because they had no insurance coverage, or Phillips, in bad faith, would obstruct their workers' compensation coverage for such treatment.

. . . . .

5.1 Plaintiffs would further show that the occurrence giving rise to this suit was also directly and proximately caused by the negligence of Defendants Phillips Petroleum Company, Phillips 66 Company, D.W. Price, John E. Knott, Don C. Kuper, and J. Robert Benz, who are each vice-principals of the Phillips Defendants. Such negligence includes, but is not limited to, the following acts and/or omissions:

. . . . .

(n) in failing to provide therapeutic, medical, and other services and continuing to provide such services in the aftermath of the deadly explosions in 1989;

(o) in obstructing the payment of workers' compensation and other benefits for necessary medical treatment;

(p) in refusing to provide for necessary medical services and treatment to those who endured and survived the unreasonably dangerous working conditions, as exemplified by the boilerhouse explosion, the Plant 5 explosions, and the K-Resin fire in 1989;

. . . . .

(z) in obstructing the provision of necessary medical treatment provided by Phillips and/or the Employers Casualty Company and the Employers National Insurance Company

Consolidated Supplemental Petition, 1992.

Appellee maintains that the sole reason for the supplemental petition was to rebut Appellant's damages defense that many plaintiffs, who belatedly sought medical or psychiatric treatment,

3

were faking their injuries or malingering.  Brief of Appellee at 5.

Appellant removed this mass tort lawsuit to the district court on the basis of the supplemental petition, contending that the new allegations presented a sufficient basis for removal because they brought into play provisions of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001-1461.  It argued that because medical treatment for Phillips' employees was governed by a plan "established ... for the purpose of providing ... through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits ...," 29 U.S.C. § 1002(1), ERISA's preemption clause, 29 U.S.C. § 1144(a), would apply, thereby ousting state court jurisdiction.

The Bogle plaintiffs filed an emergency Motion to Remand to the state court, arguing that the supplemental petition did not raise a federal question.  They also submitted a Motion for Partial Nonsuit with Prejudice of their own claims, the effect of which was to dismiss the additional averments which formed the basis of Appellant's removal petition.

After a status conference setting a briefing schedule, the district court held a hearing on the Motion to Remand.  It subsequently granted the Bogle Plaintiffs' motion for a partial nonsuit and granted their motion to remand.  The district court concluded that "the relation between the core of Plaintiffs' case and ERISA is too tenuous, remote and peripheral for preemption to occur.  This case is not preempted by ERISA."  Dist.Ct.Op. at 9. In addition, the district court determined that the dictates of

justice warranted a remand back to state court. *Id.* at 11-12 (citing *Carnegie-Mellon University v. Cohill,* 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988) ). This appeal by Phillips followed.

## II.

Whether an order to remand is appealable, thereby vesting a reviewing court with jurisdiction, turns on the reasons for the remand. Our starting point is 28 U.S.C. § 1447(d):

> An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise.

Notwithstanding this broad language, Section 1447(d) applies only to remands made pursuant to the grounds set forth in Section 1447(c). *See Thermtron Prods., Inc. v. Hermansdorfer,* 423 U.S. 336, 350-52, 96 S.Ct. 584, 592-93, 46 L.Ed.2d 542 (1976). Section 1447(c) provides in relevant part:

> A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

Section 1447(c) is not the only basis for a remand back to state court. In *Carnegie-Mellon University v. Cohill,* 484 U.S. at 357, 108 S.Ct. at 596, the Court added a new dimension to removal jurisprudence by holding that a district court "has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate." In the course of its discussion, the

5

Court set forth factors to be considered by courts when deciding whether to retain jurisdiction. *Id.*

Significantly, for our purposes, an order of remand in a *Carnegie-Mellon* context is considered a non-Section 1447(c) remand. Accordingly, as a non-statutory ground for removal, it is reviewable by this court. *See, e.g., Burks v. Amerada Hess Corp.,* 8 F.3d 301, 304 (5th Cir.1993) (if district court relies on nonstatutory ground for remand of case to state court, Court of Appeals may review order to remand; however, if remand order is based on statutory grounds of lack of subject matter jurisdiction, order is immune from review). Thus, a remand order is reviewable if it is based upon the *Carnegie-Mellon* rationale, but is immune from review if it is based upon the grounds enumerated in Section 1447(c). *See, e.g., Tillman v. CSX Transp. Inc.,* 929 F.2d 1023, 1027 (5th Cir.) (remand order, which stated that amendment to add another party "would destroy subject matter jurisdiction in this court," was unreviewable), *cert. denied,* --- U.S. ----, 112 S.Ct. 176, 116 L.Ed.2d 139 (1991).

The critical distinction for determining appealability is the presence of federal subject matter jurisdiction prior to the order of remand. In a Section 1447(c) remand, federal jurisdiction *never* existed, and in a non-Section 1447(c) remand, federal jurisdiction *did exist* at some point in the litigation, but the federal claims were either settled or dismissed.

### III.

The district court here concluded:

6

> This case does not contain a federal claim, and three years of important work and preparation occurred in state court.

Dist.Ct.Op. at 12. We construe the district court's order as a remand based on lack of subject matter jurisdiction. Dist.Ct.Op. at 9, 12 ("The core of Plaintiffs' cause of action, however, exists independent of the ERISA plan.... This case is not preempted by ERISA.... This case does not contain a federal claim ..."). The district court's conclusion that ERISA preemption was inapplicable and that, therefore, no federal claim existed, brings its order "literally within [Section] 1447(c)." *Tillman,* 929 F.2d at 1027.

Nevertheless, after concluding that ERISA preemption did not apply, the district court discussed its discretion to remand under the factors set forth in *Carnegie-Mellon.* This was improper because, as we have indicated, *Carnegie-Mellon* applies only in cases where federal jurisdiction existed at one time, but was based upon federal claims subsequently settled or dismissed. Here, the district court determined that federal jurisdiction never did exist. The court's confusion may have emanated from its decision to grant the Bogle plaintiffs' simultaneous request for partial nonsuit of the claims which formed the basis of the removal petition. The district court's discussion, although improper surplusage, does not taint its ultimate conclusion that it lacked subject matter jurisdiction. We made this clear in *Tillman,* 929 F.2d at 1027:

> [E]ven if the trial court neither states as grounds for remand the specific words of § 1447(c) nor cites the statute itself, the order is unreviewable if, by substantially similar language, it is evident that the court intends to remand for the grounds recited in § 1447(c).

7

The magic words "this case does not contain a federal claim" rendered the district court's remand order unreviewable.

Having made the critical decision that ERISA did not preempt any of the state law claims, the district court lacked jurisdiction to rule on the Bogle plaintiffs' nonsuit motion. Therefore, its decision to grant the partial nonsuit was error, and the order implementing it is void and of no effect.

Appellant, however, should not be prejudiced by the district court's error. Inasmuch as the Bogle plaintiffs made the motion for partial nonsuit, Appellant may avail itself of judicial estoppel principles to prevent Appellee from resurrecting these claims in the state court proceeding. *Reynolds v. Commissioner,* 861 F.2d 469, 472 (5th Cir.1988) ("The judicial estoppel doctrine protects the integrity of the judicial process by preventing a party from taking a position inconsistent with one successfully and unequivocally asserted by the same party in a prior proceeding.").

IV.

Finally, because we conclude that the district court's remand order was anchored in Section 1447(c), we cannot review its determination that ERISA preemption did not apply to the additional averments. In *Tillman,* 929 F.2d at 1028, we specifically noted:

> The Supreme Court has expressly held that a remand order based upon lack of jurisdiction, *even if clearly erroneous,* cannot be reviewed.

*See Thermtron,* 423 U.S. at 343, 96 S.Ct. at 589 (holding that a remand order issued pursuant to Section 1447(c) is not reviewable "whether erroneous or not and whether review is sought by appeal or

8

by extraordinary writ.").

The remand order will stand.

V.

The appeal is DISMISSED for lack of jurisdiction.