# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2003-CA-02615-SCT

*SHARON RANKIN, CAROLYN BANKS AND LAURA
JOHNSON*

*v.*

*AMERICAN GENERAL FINANCE, INC.*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/19/2003 |
| TRIAL JUDGE: | HON. LAMAR PICKARD |
| COURT FROM WHICH APPEALED: | JEFFERSON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | RICHARD ARTHUR FREESE |
| | STEPHANIE M. DAUGHDRILL |
| | TIM K. GOSS |
| ATTORNEYS FOR APPELLEE: | E. BARNEY ROBINSON, III |
| | CHARLES E. GRIFFIN |
| | LEE DAVIS THAMES |
| | DAN K. WEBB |
| NATURE OF THE CASE: | CIVIL - TORTS-OTHER THAN PERSONAL INJURY & PROPERTY DAMAGE |
| DISPOSITION: | AFFIRMED - 03/03/2005 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**WALLER, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     Sharon Rankin, Carolyn Banks, and Laura Johnson (Plaintiffs) appeal from the Jefferson

County Circuit Court's order denying their Motion to Alter or Amend the Summary Judgment

which dismissed their complaint and action against American General Finance, Inc.[1] Plaintiffs argue material facts remained in issue regarding their claims against American General for damages resulting from an alleged fraudulent lending scheme; and therefore, the trial court erred in denying their motion. We affirm the Jefferson County Circuit Court's order denying the Motion to Alter or Amend the Summary Judgment.

## FACTS

¶2.     The three plaintiffs in this action have each received a loan from American General and purchased various credit insurance products in connection with the loan. Rankin received her loan June 23, 1994; Banks received her loan August 4, 1995; and Johnson received her loan January 18, 1994. On May 28, 1999, Plaintiffs filed suit against American General, listing eight counts in their complaint, including: (1) breach of fiduciary duties, (2) breach of implied covenants of good faith and fair dealing, (3) fraudulent misrepresentation and/or omission; (4) negligent misrepresentation and/or omission, (5) civil conspiracy ["to sell credit life, credit disability, property and/or collateral protection insurance to Plaintiffs that was unnecessary and at an exorbitant premium far in excess of the market rate"], (6) negligence, and (7) unconscionability. Unless it is tolled, the statute of limitations on all of the claims asserted by the Plaintiffs is three years or less and had therefore run by the time Plaintiffs filed suit. *See* Miss. Code Ann. § 15-1-49 (Rev. 2003).

¶3.     American General subsequently removed the case to the United States District Court for the Southern District of Mississippi on the basis that Plaintiffs' claims required

---

[1] The circuit court granted summary judgment after finding the statute of limitations barred Plaintiffs on all claims.

construction of the federal Truth in Lending Act, 15 U.S.C. §§ 1601 et seq. (1994)(TILA). Plaintiffs moved to remand the case to state court stating, "Plaintiffs' claims are brought solely under Mississippi law, and [P]laintiffs state that they do not bring any claims and disclaim any and all claims under any federal laws[.]" Numerous times in their motion, Plaintiffs reiterated that their claims were totally independent of federal law and particularly disclaimed any reliance on TILA. For example, the Plaintiffs stated:

> There is absolutely no allegation in the Complaint which could possibly be construed to be a federal claim . . . By excluding any federal claims, Plaintiffs may run the risk of being unable to bring these claims at a later date, but that is the Plaintiffs' decision.

> In the absence of allegations alleging a violation of federal laws, [d]efendants wrongly claim that Plaintiffs' Complaint asserts claims which require the construction of TILA. This is simply not true. The Complaint contains no allegation that [d]efendants violated any provision of TILA or any other specific federal disclosure law. Plaintiffs' Complaint depends solely on analysis of state laws[.]

¶4.    They added, "Plaintiffs have no intention of relying on TILA and concede that this action would become removable if Plaintiffs later chose to do so." And as if to eliminate all doubt as to whether there was any basis in federal law for the Plaintiffs' claims, they emphatically stated, "These claims do not require *any analysis of federal law* and are not sufficient to invoke federal jurisdiction." (emphasis added).

¶5.    The federal district court held

> While it appears that the viability of some of the [P]laintiffs' claims under Mississippi state law is questionable, the [P]laintiffs adamantly and consistently maintain, in both their Complaint and memoranda in support of remand, that their claims will succeed or fail on the basis of state law alone. Accordingly, the [c]ourt finds that the [P]laintiffs' [M]otion to [R]emand is well-taken and shall be granted, with the understanding that, should the [P]laintiffs subsequently

attempt to utilize the TILA as a basis for any of their claims, the defendants shall be entitled to removal at that time.

*Rankin v. Am. Gen. Fin., Inc.*, No. 5:99cv135BrS (S.D. Miss. Mar. 29, 2000)(order granting Motion to Remand).

¶6.    After remand to the Jefferson County Circuit Court, American General filed a Motion for Summary Judgment, arguing the statute of limitations barred all of Plaintiffs' claims. In Plaintiffs' forty-seven page response to American General's motion, they made numerous arguments supporting their claims and concluded with the bare contention that "American General has failed to even address Plaintiffs' breach of contract and usury claims. Consequently summary judgment cannot be granted on those claims."[2]   The learned circuit judge granted summary judgment, explaining in his order that since Plaintiffs did not plead with particularity their claims of fraudulent misrepresentation, they could not toll the running of the statute of limitations, and all of their claims were consequently barred.

¶7.    In response, Plaintiffs filed a Motion to Alter or Amend Judgment, arguing the court failed to address the material facts relating to their usury claim. Relying on a combination of federal TILA regulations and state law, Plaintiffs demanded the judgment be "altered or amended to permit Plaintiffs to proceed to trial on their unchallenged usury claim." In response to American General's argument that Plaintiffs had not previously asserted their TILA-based usury claim, Plaintiffs stated they were "not asserting a TILA claim[,] but rather a claim for excessive finance charges under Mississippi law." The circuit court denied Plaintiffs' motion and reiterated its holding that the statute of limitations had expired, and

---

[2]As noted above, Plaintiffs did not include a count for usury in their Complaint.

summary judgment was therefore proper as to all claims. Plaintiffs then appealed to this Court.

## ANALYSIS

¶8. When appealing a motion to alter or amend, a party may only obtain relief upon showing: (1) an intervening change in controlling law, (2) availability of new evidence not previously available, or (3) the need to correct a clear error of law or to prevent manifest injustice. *Brooks v. Roberts*, 882 So. 2d 229, 233 (Miss. 2004) (citing *Bang v. Pittman*, 749 So. 2d 47, 52-53 (Miss. 1999)). We review a trial court's denial of a Mississippi Rule of Civil Procedure 59 motion for abuse of discretion. *Brooks*, 882 So. 2d at 233 (citing *Bang*, 749 So. 2d at 52).

¶9. Plaintiffs allege the circuit court abused its discretion in denying their Motion to Alter or Amend Judgment, raising three issues: (1) whether, based on the mandates of TILA, a material fact issue remained regarding American General's alleged failure to disclose the insurance premiums as part of the finance charge; (2) whether the circuit court erred in holding the statute of limitations ran on Plaintiffs' usury and fraudulent misrepresentation claim when American General concealed excessive finance charges in violation of TILA and state law; and (3) whether the circuit court erred by granting summary judgment on Plaintiffs' negligence, negligent misrepresentation, and fraudulent misrepresentation claims where the TILA-mandated disclosure statements were the source of the fraud. We find that all the issues raised by Plaintiffs are barred by the doctrine of judicial estoppel.

¶10. We apply the doctrine of judicial estoppel where "there is multiple litigation between the same parties and one party knowingly asserts a position inconsistent with the position in

the prior litigation." *In re Mun. Boundaries of City of Southaven*, 864 So. 2d 912, 918 (Miss. 2003)(internal alterations & quotations omitted); *see, e.g.*, *In re Estate of Blanton*, 824 So. 2d 558, 563 (Miss. 2002); *Mauck v. Columbus Hotel Co.*, 741 So. 2d 259, 264-65 (Miss. 1999); *Skipworth v. Rabun*, 704 So. 2d 1008, 1015 (Miss. 1996); *Hoover v. State*, 552 So. 2d 834, 838 (Miss. 1989). "The doctrine is based on expedition of litigation between the same parties by requiring orderliness and regularity in pleadings." *City of Southaven*, 864 So. 2d at 918-19 (internal alterations & quotations omitted)(quoting *Mauck*, 741 So. 2d at 264-65).[3]

¶11. The Fifth Circuit has noted the particular risk a plaintiff runs when he asserts a position inconsistent to the one argued in federal court in order to secure remand to state court. In *Carpenter v. Wichita Falls Independent School District.*, 44 F.3d 362, 366 (5th Cir. 1995), the Fifth Circuit stated, "A plaintiff with a choice between federal and state law claims may elect to proceed in state court on the exclusive basis of state law, thus defeating the defendant's opportunity to remove, but taking the risk that his federal claims will one day be precluded." In *Bogle v. Phillips Petroleum Co.*, 24 F.3d 758, 762 (5th Cir. 1994), a defendant appealed a federal district court's decision to grant remand after the plaintiff dismissed all

---

[3]The only case in our jurisprudence which presents facts even remotely similar to the case at hand is that of *Mississippi Light & Power Co. v. Pitts*, 181 Miss. 344, 179 So. 363 (1938). In *Pitts*, the utility company alleged Pitts was judicially estopped from bringing a state law claim in contract, because he previously told the federal court he only intended to bring a state tort claim. *Id.* at 364. We held Pitts was not judicially estopped from asserting contract remedies before the state court, noting that before a party can be bound by a choice made in litigation, "he must actually have two inconsistent remedies." *Id.* However, that case is inapplicable to the facts in the instant case. In this case, American General argues Plaintiffs should be barred by the doctrine of judicial estoppel because they relied on federal law in state court subsequent to successfully arguing their case for remand by disclaiming any reliance on the federal Truth in Lending Act.

federal claims in their lawsuit. The Fifth Circuit affirmed the district court and reminded the parties that inasmuch as the "plaintiffs made the motion for partial nonsuit, [the defendant] may avail itself of judicial estoppel principles to prevent [the plaintiff] from resurrecting [the federal] claims in the state court proceeding." *Id.* at 762. The court added that the "judicial estoppel doctrine protects the integrity of the judicial process by preventing a party from taking a position inconsistent with one successfully and unequivocally asserted by the same party in a prior proceeding." *Id.* (quoting *Reynolds v. Comm'r*, 861 F.2d 469, 472 (5th Cir. 1988)).

¶12.    In the case at hand, the Plaintiffs successfully, unequivocally, and repeatedly asserted to the federal district court and American General they had "no intention of relying on TILA" and that their "claims [did] not require *any analysis of federal law*." (emphasis added). Taking them at their word, the federal district court questioned the viability of their claims but remanded the case to state court "with the understanding that, should the [P]laintiffs subsequently attempt to utilize the TILA as a basis for any of their claims, the defendants shall be entitled to removal at that time." When, on remand, the circuit court granted American General's Motion for Summary Judgment, Plaintiffs moved to alter or amend the judgment, maintaining the trial judge erred in failing to address a previously unmentioned TILA-reliant usury claim.

¶13.    On appeal, Plaintiffs' argue  this Court should take the portion of Mississippi's usury statute which sets out the maximum interest rates chargeable by lenders and impose upon it an interpretation in line with TILA. The Plaintiffs argue this interpretation of the Mississippi usury statute creates a material fact issue as to whether American General fraudulently

7

concealed the actual interest rates, making summary judgment inappropriate.[4]   The Plaintiffs emphatically deny that they have asserted a claim under TILA, stating, "Apparently, Plaintiffs cannot say enough times that they are <u>NOT</u> asserting any claims under federal law . . . The mere fact that Mississippi's usury laws use a term ('finance charge') that is covered by a federal disclosure requirement does not convert Plaintiffs' state law claim into federal ones." (emphasis in original).[5]

¶14.    However, whether Plaintiffs' usury claim is founded on state or federal law is not the issue.    Although the usury allegation does very plainly appear to be a federal claim dressed up in state law clothing, the issue is that Plaintiffs definitively represented to the federal district court and American General that they had "no intention of relying on TILA" and that their claims did "not require any analysis of federal law."    In asking this Court to construe

---

[4]The rationale behind Plaintiffs' argument stems from the fact that in order to survive summary judgment on any of their claims, Plaintiffs must be able to demonstrate that a fact issue exists as to whether American General fraudulently concealed the claim.    Making this showing could at least preserve their claims from the running of the statute of limitations.    *See Stephens v. Equitable Life Assurance Soc'y of the U.S.*, 850 So. 2d 78, 84 (Miss. 2003)(holding that statute of limitations is tolled on claim when plaintiff can show (1) affirmative act on part of defendant to prevent discovery of claim, and (2) that plaintiff used due diligence to discover cause of action).    In this case, the affirmative act of fraudulent concealment alleged by Plaintiffs in their briefs is that the actual finance charge imposed by American General (when calculated in accordance with TILA as including the insurance cost) is in excess of the maximum rate permitted by Mississippi law.

[5]Plaintiffs' statements in their briefs ostensibly contradict their insistence that they are not bringing a claim under TILA.    Plaintiffs state, "American General did not calculate its interest rates in accordance with TILA," "[American General's] TILA violation is relevant as evidence in support of Plaintiffs' claims under Mississippi law," and

> TILA is relevant to that claim only to the extent that it demonstrates that a question of fact exists as to whether or not the insurance charges (made without the affirmative request for insurance mandated by both federal law and American General's own policy) are actually a sum of interest rendering the charged interest usurious.

8

Mississippi's usury statute in accordance with TILA, Plaintiffs have contradicted the statements they made to the federal district court. These inconsistencies are not cured by Plaintiffs' citations to and arguments based on Mississippi law. In every instance in which the Plaintiffs cite to or discuss state law, all the references are inevitably integrated with the mandates of TILA in some way.

¶15. On appeal, all of Plaintiffs' assignments of error rely, in whole or in part, on federal law and are consequently barred by the doctrine of judicial estoppel. We therefore affirm the judgment of the Jefferson County Circuit Court and find the trial court did not abuse its discretion in denying the Motion to Alter or Amend.

## CONCLUSION

¶16. Plaintiffs secured remand from federal court by explicitly asserting to the federal district judge that they had no intentions of relying upon federal law in state court. On appeal, Plaintiffs allege the circuit court erred in denying its Motion to Alter or Amend the order granting summary judgment as to all their claims. Yet all of their assignments of error rely, in whole or in part, upon construction of federal law. We therefore find that all of their arguments are barred by the doctrine of judicial estoppel, and the Jefferson County Circuit Court did not abuse its discretion in denying Plaintiffs' Motion to Alter or Amend. Therefore, we affirm the trial court's judgment.

¶17. **AFFIRMED.**

**SMITH, C.J., COBB, P.J., EASLEY AND CARLSON, JJ., CONCUR. GRAVES, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. DICKINSON, J., CONCURS IN PART AND DISSENTS IN PART WITHOUT SEPARATE WRITTEN OPINION. DIAZ AND RANDOLPH, JJ., NOT PARTICIPATING.**

9