United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 30, 2005**

Charles R. Fulbruge III
Clerk

In the
# United States Court of Appeals
for the Fifth Circuit

_____

m 04-11424
Summary Calendar

_____

STATE OF TEXAS,

Plaintiff-Appellee,

VERSUS

JOHN THOMAS TELLO,

Defendant-
Third Party Plaintiff-
Appellant,

VERSUS

HAROLD EAVENSON,
SHERIFF, ROCKWALL COUNTY, TEXAS, AND CUSTODIAN OF JOHN THOMAS TELLO,

Third Party Defendant-
Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas
m 3:04-CV-1718-N

_____

Before DAVIS, SMITH, and STEWART,
   Circuit Judges.

PER CURIAM:[*]

John Tello pleaded guilty in Texas state court to two counts of indecency with a child by exposure and one count of possession of child pornography. Adjudication of guilt was deferred, and Tello was sentenced to concurrent five-year terms of deferred-adjudication probation.

When the state moved to revoke probation and for adjudication of guilt, Tello removed the case to federal court and sought habeas corpus relief. The federal district court remanded and denied the habeas application. Tello filed a notice of appeal and motions to supplement the record on appeal and to stay the state proceedings.

Although the district court referred to the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), it correctly noted the lack of federal subject-matter jurisdiction. Moreover, it is plain that "federal jurisdiction never existed." *Bogle v. Phillips Petroleum Co.*, 24 F.3d 758, 762 (5th Cir. 1994). The state action against Tello was a continuation of his state criminal action. *See McClendon v. State*, 784 S.W.2d 711, 713 (Tex App.SSHouston [14th Dist.] 1990, pet. ref'd) (holding that deferred adjudication of guilt is "part and parcel" of the original criminal plea proceeding); TEX. CODE CRIM. P. art. 42.12 § 5(b). Except in rare cases involving federal defendants or the likelihood of equal-protection problems not applicable here, there is no jurisdictional basis for the removal of a state criminal proceeding.

Because the district court lacked jurisdiction and did not "clearly and affirmatively" rely on a basis for removal other than a lack of jurisdiction, this court lacks jurisdiction to review the remand order. *See Heaton v. Monogram Credit Card Bank*, 231 F.3d 994, 997 (5th Cir. 2000); *Bogle*, 24 F.3d at 761; 28 U.S.C. § 1447(c), (d). The remand order will stand. The appeal is DISMISSED.

Absent jurisdiction, the district court's ruling on Tello's habeas corpus application is void. *See Bogle*, 24 F.3d at 762. All of Tello's motions are DENIED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.