*580 EMILIO M. GARZA, Circuit Judge,
dissenting.
I dissent from the majority’s initial holding that the district court’s remand order is not reviewable under 28 U.S.C. § 1447(d). Because this case involves the discretionary remand of supplemental state-law claims, the prohibition on appellate review does not apply.
The law in this area is clear. “After a district court remands a case to state court for lack of subject matter jurisdiction, 28 U.S.C. § 1447(d) bars a federal appellate court from reviewing the remand ruling ‘no matter how erroneous.' ” Dahiya v. Talmidge Int’l, Ltd., 371 F.3d 207, 209 (5th Cir.2004) (quoting Arnold v. State Farm Fire & Cas. Co., 277 F.3d 772, 775 (5th Cir.2001)). If the remand order is not based on a lack of subject-matter jurisdiction but is, rather, discretionary, the remand order is reviewable. Bogle v. Phillips Petroleum, 24 F.3d 758, 760 (5th Cir.1994); see Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 357, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988) (“[A] district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate.”). In determining whether a remand is discretionary or jurisdictional, the scope of our inquiry is limited to determining the basis for the district court’s remand order, in other words, what the district court perceived it was doing. See Bogle, 24 F.3d at 760 (“In determining whether [an] order is appealable, [the] threshold inquiry is whether the district court based its remand on lack of subject matter jurisdiction.”); McDermott Int’l, Inc. v. Lloyds Underwriters of London, 944 F.2d 1199, 1201 (5th Cir.1991) (“[T]he availability and means of appellate review for a district court’s remand order depend entirely on the court’s reason for issuing the order.”).
Asserting a newly tailored “clear-statement requirement,”[1] the majority concludes that “the district court did not ‘clearly and affirmatively’ state a non- § 1447(c) ground for remand” and holds that the court is without jurisdiction on appeal under 28 U.S.C. § 1447(d).[2] Although it acknowledges that the remand order bears the hallmarks of a discretionary remand and although it claims to not require “magic words” to satisfy its clear-statement requirement, the majority nevertheless finds the remand order to be “unclear.” Like the majority, I decline to opine as to the validity of its “clear-statement requirement” because, even under this standard, the district court’s remand order unmistakably states a discretionary, “non-§ 1447(c) ground for remand.”[3]
In its analysis, the majority pauses only momentarily to discuss and cast aside our *581 treatment of a § 205 removal in Beiser v. Weyler, 284 F.3d 665 (5th Cir.2002). Yet, Beiser is the only case relied upon by the district court to determine its subject-matter jurisdiction upon removal[4] and the only case it used to state and explain the basis for its subsequent remand.[5] In so doing, the district court could not have been clearer: it remanded based upon our guidance in Beiser.
Because the only basis for remand provided by the district court is taken from Beiser, our analysis of whether the remand stated a non-§ 1447(c) ground for remand must begin and end with understanding what that case teaches. A cornerstone to our reasoning in Beiser was the determination that removal is proper under § 205 on the basis of a non-frivolous federal defense presented in the petition for removal. “[A]s long as the defendant claims in its petition that an arbitration clause provides a defense, the district court will have jurisdiction to decide the merits of that claim.” Beiser, 284 F.3d at 671-72. Where the special circumstances presented by a § 205 removal are at issue, Beiser contemplates a later merit inquiry into arbitrability and, if the district court de *582 cides that the arbitration clause does not provide a defense, a discretionary remand of supplemental state-law claims. See id. at 675 (citing authority for the proposition that a district court has discretion to remand). Beiser does not intend a remand based upon a post facto determination that it lacked subject-matter jurisdiction ab ini-tio but, rather, a discretionary determination that its continued exercise of jurisdiction is no longer prudent after federal arbitration-related issues have been removed from the case. Id. at 674-75.
The district court understood and scrupulously adhered to our guidance in Beiser when it exercised jurisdiction and subsequently remanded this case. Quoting pertinent parts of that opinion, it initially determined that jurisdiction was proper based upon purported ties between War-rantech’s res judicata and collateral estop-pel defenses and the arbitration proceeding. Finding no non-frivolous ties to the arbitration award after its ruling on sum-maryjudgment, however, the district court remanded, “[cjonsistent with the expectations of the Fifth Circuit,” because § 205 did not require retention where “the only issues which implicate[d] the arbitration award itself ha[d] been summarily removed from the case.” Remand Order at *2-3. In so doing, the district court spoke plainly: it was exercising its discretion to remand supplemental state-law claims after determining that the arbitration-related defenses were without merit. Such a remand order is reviewable.
The majority acknowledges that the district court applied Beiser and that Beiser calls for a discretionary remand in these circumstances. Nonetheless, it asserts that “the mere citation of dicta in Beiser ... cannot satisfy our clear-statement requirement ....” The majority’s reasoning here is puzzling. Dicta is, of course, not binding. But in stating the basis for its remand, there is no principle in law or reason that prevents a district court from interpreting and using our case law to explain itself. In this case, the district court used Beiser’s dicta to clearly and affirmatively state the basis for its remand. No clearer statement was required.
If there remained any doubt, the district court’s remand order contains additional convincing indicia of a discretionary, “non- § 1447(c) ground for remand.” First, the district court examined prudential reasons that militate against the exercise of jurisdiction in its remand order, stating: “No policy evidenced by the federal arbitration statutes would be advanced in the slightest by the exercise by this court of subject matter jurisdiction over issues that remain to be resolved in this case .... There is no reason from a policy standpoint for this court to further entertain jurisdiction over this case .... ” Remand Order at *2.[6] Such a proffer of prudential reasons would be wholly unnecessary if the district court felt that it lacked subject-matter jurisdiction under 28 U.S.C. § 1447(c).[7] Second, *583 and most tellingly, the district court adjudicated the state-law counterclaims brought by Warrantech in its summary judgment order. The court could only properly do so if it perceived that it had supplemental jurisdiction pursuant to 28 U.S.C. § 1367 and exercised such jurisdiction pursuant to 28 U.S.C. § 1441(c), which gives a federal court the ability to “determine all issues” in a removed case, including state-law claims. The district court could not have determined those state-law claims unless it believed that it had “original jurisdiction” in the first instance based on federal law. Significantly, our case law establishes that where there is an initial determination of jurisdiction, as is evident here, a subsequent remand is not based on a lack of subject-matter jurisdiction. In Bogle v. Phillips Petroleum, we stated:
The critical distinction for determining appealability is the presence of federal subject matter jurisdiction prior to the order of remand. In a Section 1447(c) remand [for lack of subject-matter jurisdiction], federal jurisdiction never existed, and in a non-Section 1447(c) remand, federal jurisdiction did exist at some point in the litigation, but the federal claims were either settled or dismissed.
Bogle, 24 F.3d at 762. Here, the district court initially rejected a motion to remand because, under Beiser, “the district court will have jurisdiction under § 205 over just about any suit in which a defendant contends that an arbitration clause ... provides a defense.” Order Denying Remand at 4 (quoting Beiser, 284 F.3d at 669). Only after the district court had ruled on a motion for summary judgment and found the arbitration-related defenses without merit did it remand the case to state court. Under the reasoning in Bogle, this is a “non-Section 1447(c) remand, [because] federal jurisdiction did exist at some point in the litigation, but the federal claims were either settled or dismissed.” Bogle, 24 F.3d at 762.[8]
There is no need to “decipher the tealeaves” of the district court’s remand order because the district court clearly and affirmatively remanded for discretionary rea *584 sons based upon the guidance we provided in Beiser. Accordingly, the restriction on appellate review in 28 U.S.C. § 1447(d) does not apply. I would review the district court’s remand order, as well as its decision granting partial summary judgment in favor of Underwriters.

. We have never invoked a "clear-statement requirement.” Rather, we look to the remand order to determine whether a "district court 'clearly and affirmatively' relie[d] on a non-§ 1447(c) basis.” Heaton v. Monogram Credit Card Bank of Ga., 231 F.3d 994, 997 (5th Cir.2000) (quoting Copling v. Container Store, Inc., 174 F.3d 590, 596 (5th Cir.1999)).

. Tellingly, the majority does not, indeed cannot, affirmatively state that the district court remanded based upon a § 1447(c) ground such as a lack of subject-matter jurisdiction. As I explain infra, every aspect of the district court's order demonstrates that its remand was discretionary. Instead, the majority limits its holding by applying an appellate presumption against a discretionary remand and finding this presumption to be unrebutted by the district court order.

.Our cases do not uniformly adhere to this requirement. Furthermore, this requirement may be in tension with the other courts of appeals and, possibly, Supreme Court cases addressing the issue of appellate jurisdiction. Brief for the United States as Amicus Curiae, No. 05-107, Davis v. Int’l Union, United Aerospace & Agricultural Implement Workers of *581 Am. (UAW), at 9-11 (2006) (cited in the majority opinion, supra note 29).

. Upon motion to remand, the district court determined that it had subject-matter jurisdiction over the action. It supported this determination with a quotation from Beiser:
[T]he district court will have jurisdiction under § 205 over just about any suit in which a defendant contends that an arbitration clause falling under the Convention provides a defense. As long as the defendant's assertion is not completely absurd or impossible, it is at least conceivable that the arbitration clause will impact the disposition of the case.
Certain Underwriters at Lloyd’s London v. Warrantech Corp., No. 4:04-CV-208-A, slip op. at 4 (N.D.Tex. May 13, 2004) (quoting Beiser, 284 F.3d at 669) ("Order Denying Remand”). The district court concluded that the arbitration-related defenses were neither facially frivolous nor absurd or impossible and that, under Beiser, it had "no choice but to deny the motion.” Id. (citing Beiser, 284 F.3d at 669, 671).

. Later, in its order remanding the case to state court, the district court again supported its decision with a lengthy quotation from Beiser:
Moreover, § 205 does not interfere with state courts as much as ordinary removal under the general removal statute, 28 U.S.C. § 1441. When a case is removed under § 1441, it will often remain in federal court until its conclusion. Under § 205, however, the federal issue in cases will often be resolved early enough to permit remand to the state court for a decision on the merits. The arbitrability of a dispute will ordinarily be the first issue the district court decides after removal under § 205. If the district court decides that the arbitration clause does not provide a defense, and no other grounds for federal jurisdiction exist, the court must ordinarily remand the case back to state court. [See 28 U.S.C. § 1441(c) (granting district court discretion to remand all claims in which state law predominates); Parker & Parsley Petroleum Co. v. Dresser Indus., 972 F.2d 580, 585 (5th Cir.1992) (noting that when all federal claims are resolved early in a lawsuit and only state law claims remain, the district court almost always should remand to the state court); Wong v. Stripling, 881 F.2d 200, 204 (5th Cir.1989) (same).] Except for state law claims that turn out to be subject to arbitration, § 205 will rarely permanently deprive a state court of the power to decide claims properly brought before it. The district court will ordinarily remand those cases that turn out not to be subject to arbitration, such that the state court will be able to resolve the merits of the dispute. Section 205 therefore raises fewer federalism problems than the general removal statute, § 1441: except in arbitrable cases, it will ordinary [sic] permit state courts to resolve the ultimate issues in a case.
Certain Underwriters at Lloyd’s London v. Warrantech Corp., No. 4:04-CV-208-A, 2004 WL 2203244, at *3 (N.D.Tex. Sept.23, 2004) (quoting Beiser, 284 F.3d at 674-75) ("Remand Order”). The district court supplied no other basis for its remand.

. The majority contends that the district court made only “passing reference to policy considerations.” But the paragraph-long statement by the district court is more than a “passing” reference and, moreover, is more substantial than the statement upon which the majority relies to support its determination that the remand order is most likely based upon a lack of jurisdiction — namely the district court’s statement that there are “no other grounds for federal jurisdiction.”

. By contrast, such an expression of prudential reasons is consistent with a remand of supplemental state-law claims following the dismissal of those claims that provided the basis for original jurisdiction. See Giles v. NYLCare Health Plans, Inc., 172 F.3d 332, 339 (5th Cir.1999) (“When deciding whether to remand supplemental claims, a court should examine economy, fairness, conven- ■ ience, and comity.”).

. Despite the district court's exclusive reliance on portions of Beiser — sections that indicate a discretionary remand occurs after an initial finding of jurisdiction — and other compelling indicia of a discretionary remand of supplemental state-law claims, the majority concludes that the district court’s remand order was unclear because it also, according to the majority, stated that it was remanding for lack of subject-matter jurisdiction. It rests this finding upon a single phrase from the remand order; namely, the district court's statement that there were “no other grounds for federal jurisdiction.” Remand Order at *3. Taking the phrase out of context, the majority fails to acknowledge that the district court was quoting directly from Beiser and its lengthy discussion of discretionary remands.
If the district court decides that the arbitration clause does not provide a defense, and no other grounds for federal jurisdiction exist, the court must ordinarily remand the case back to state court. [See 28 U.S.C. § 1441(c) (granting district court discretion to remand all claims in which state law predominates); Parker & Parsley Petroleum Co. v. Dresser Indus., 972 F.2d 580, 585 (5th Cir.1992) (noting that when all federal claims are resolved early in a lawsuit and only state law claims remain, the district court almost always should remand to the state court); Wong v. Stripling, 881 F.2d 200, 204 (5th Cir.1989) (same).] Except for state law claims that turn out to be subject to arbitration, § 205 will rarely permanently deprive a state court of the power to decide claims properly brought before it.
Remand Order at *3 (quoting Beiser, 284 F.3d at 675 (emphasis added)). Read in context, the district court's statement does not mean that it perceived a lack of subject-matter jurisdiction to proceed. To the contrary, it merely acknowledges that the original grounds for federal jurisdiction are absent, that no other independent ground for federal jurisdiction exist, and that the court was exercising its discretion to remand all matters in which State law predominates pursuant to 28 U.S.C. § 1441(c).