United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 17, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-10914
Conference Calendar

_____

STATE OF TEXAS,

                    Plaintiff-Appellee,

versus

JOHN THOMAS TELLO,

                    Defendant-Third Party Plaintiff-Appellant,

versus

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

                    Third Party Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:05-CV-1049
--------------------

Before HIGGINBOTHAM, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM:[*]

    John Thomas Tello pleaded guilty in Texas court to two

counts of indecency with a child by exposure and one count of

possession of child pornography.  Adjudication of guilt was

deferred, and Tello was sentenced to concurrent five-year terms

of deferred-adjudication probation.  When the State moved to

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

revoke probation and for adjudication of guilt, Tello unsuccessfully attempted to remove the case to the federal district court and to seek habeas corpus relief. See Texas v. Tello, 142 F. App'x 200, 201 (5th Cir. 2005).

The State has now moved to revoke Tello's appeal bond. Tello has again attempted to remove the bond revocation proceeding to federal court and to obtain habeas relief. The district court remanded sua sponte. We dismiss the appeal for lack of jurisdiction pursuant to 28 U.S.C. § 1447(d).

The district court correctly noted the lack of federal subject matter jurisdiction. Because it is abundantly clear that federal removal jurisdiction never existed, this court lacks jurisdiction to entertain Tello's appeal. See Bogle v. Phillips Petroleum Co., 24 F.3d 758, 761-62 (5th Cir. 1994).

Removal jurisdiction was precluded because no federal court would have had original jurisdiction over the state bond revocation proceeding. See PCI Transp., Inc. v. Fort Worth & Western R. Co., 418 F.3d 535, 543 (5th Cir. 2005). In addition, Tello's bond proceeding is not a civil action for removal purposes but remains incidental to and inseparable from his state criminal case. See 28 U.S.C. §§ 1331, 1441(b); Jeter v. State, 26 S.W. 49, 49-50 (Tex. 1894). Further, Tello's putative federal questions are raised in defense and, thus, would not provide a basis for removal jurisdiction in any event. See PCI Transp., 418 F.3d at 543. Finally, Tello's putative federal

questions are not federal at all but rest entirely on his proposition that the state court misapplied Texas law.

The appeal is dismissed for lack of jurisdiction, and all outstanding motions by Tello are denied.

Tello has twice resorted to frivolous removal proceedings in an effort to forestall his state criminal proceedings, and his federal pleadings are intemperate, disrespectful, and profane. Tello is hereby warned that any further filing of frivolous, profane, or otherwise intemperate documents in federal court will result in the imposition of sanctions, including monetary sanctions and limitations on Tello's access to federal court.

APPEAL DISMISSED; ALL MOTIONS DENIED; SANCTION WARNING ISSUED.