# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
December 21, 2011

Lyle W. Cayce
Clerk

No. 11-50273
Summary Calendar

GWENDOLYN GLENN,

Plaintiff-Appellee

v.

MARY L. CARTER,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:09-CV-71

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Gwendolyn Glenn filed this civil action in state court seeking declaratory and injunctive relief against Mary L. Carter and IndyMac Bank (IndyMac). The Federal Deposit Insurance Corporation (FDIC), as IndyMac's receiver, removed the action to federal court pursuant to 12 U.S.C. § 1819(b)(2)(B), the FDIC removal statute. After Glenn's claims against IndyMac were dismissed with prejudice, she moved to remand her remaining state law claims against Carter

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to state court.  The district court entered an order remanding the case, and Carter now appeals that order.

The district court, in addressing Carter's challenge to the remand order, stated that its remand order was unreviewable under 28 U.S.C. § 1447(d).  In a case such as this, however, where federal jurisdiction existed at some point but the federal claims were dismissed or settled, a district court's remand of the remaining state law claims is a discretionary decision that is reviewable by this court.  *See Bogle v. Phillips Petroleum Co.*, 24 F.3d 758, 761-62 (5th Cir. 1994). Nevertheless, on the record before us and in light of the deference owed the district court's decision, we conclude that the district court did not abuse its discretion in declining to retain jurisdiction over Glenn's supplemental state law claims against Carter.  *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *Smith v. Amedisys Inc.*, 298 F.3d 434, 446 (5th Cir. 2002); *Hook v. The Morrison Milling Co.*, 38 F.3d 776, 786 (5th Cir. 1994).

Carter maintains that the district court's remand order was erroneous because diversity jurisdiction existed in this case.  The basis for federal diversity jurisdiction was not distinctly and affirmatively alleged in this case.  *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009).  More specifically, there was no allegation that the amount in controversy exceeded $75,000.  *See* 28 U.S.C. § 1332(a).  Carter has not met her burden of showing that diversity jurisdiction existed, *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008), and the order of remand is AFFIRMED.